## WISNER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 13, September Term, 1962.]

*Decided October 31, 1962.*

Before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

The applicant, Adam Wisner, seeks leave to appeal from an order of the Criminal Court of Baltimore, dated April 6, 1962, recommitting him to Patuxent Institution, which was entered in accordance with the finding of a jury, in proceedings to re-determine the question of Wisner's defective delinquency, that he was a defective delinquent. He had first been found to be such by another jury in November, 1959, following his commitment to Patuxent for examination and report in November, 1958. This first commitment (for examination) had been upon his conviction on a plea of guilty to a charge of larceny of goods of a value of $100.00 or more (a television set valued at $129.95), for which offense he was sentenced to two years' imprisonment.

The applicant asserts four grounds upon which he seeks leave to appeal. One of them is, in substance, that the Defective Delinquent Law was not applicable to him because he had not been convicted of two crimes committed in this State on or after June 1, 1954. This contention is untenable. The offense for which he was convicted and sentenced was committed in this State in 1958 and was (and is) a felony under Code (1957), Art. 27, sec. 340. That alone was (and is) a sufficient basis for invoking the Defective Delinquent Law. See Code (1957), Art. 31B, secs. 6 (a) and 16 (as in force in 1958 and 1959), and Code (1962 Cum. Supp.), Art. 31B, sec. 6 (a), embodying

the amendments of sec. 6 (a) made by Ch. 629 of the Acts of 1961.

The applicant's other contentions are: (a) that he did not receive a fair trial in the redetermination proceedings; (b) that his counsel did not properly represent him; and (c) that Dr. Boslow, the Director of Patuxent, "committed perjury against * * * [him] by using trickery." No facts are alleged in support of any of these three claims. If the second and third are intended to support the first, they in themselves are devoid of any showing of facts to support the conclusions therein asserted. These bald allegations are not sufficient to show that leave to appeal should be granted. See *Perkerson v. Director of Patuxent Institution*, 226 Md. 666, 174 A. 2d 436; Maryland Rule 894 a 2 (a) (requiring "a concise statement of the reasons why the order should be reversed or modified, and * * * a list of the errors allegedly committed by the lower court.") ; and specifically as to the insufficiency of the allegations charging perjury, see *Whitley v. Warden*, 222 Md. 608, 158 A. 2d 905, cert. den. 364 U. S. 808; *Washington v. Warden*, 225 Md. 623, 169 A. 2d 419 (both Post Conviction Procedure Act cases) ; and *Meredith v. Director of Patuxent Institution*, 226 Md. 653, 172 A. 2d 501 (a Defective Delinquent case).

*Application denied.*