## MUREL *v.* DIRECTOR OF THE PATUXENT INSTITUTION

[App. No. 74, September Term, 1962.]

662

Decided June 10, 1963.

Before the full Court.

PER CURIAM.

The application for leave to appeal in this case does not comply with Maryland Rule 894 a 2 (a) in that it does not contain a concise statement of the reason why the order should be reversed or modified and contains no list of errors allegedly committed by the trial court. The application is in the form of a letter to the applicant's trial counsel. It claims that the result of the trial of the question of his defective delinquency was unconstitutional and it manifests thorough dissatisfaction with the finding of defective delinquency. It points to no specific error and is clearly insufficient. *Polaski v. Director*, 229 Md. 645, 184 A. 2d 623; *Wisner v. Director*, 230 Md. 608, 185 A. 2d 387.

The record does not contain the transcript of the defective delinquency hearing, but it does contain a record of infractions of the law, of penal sentences, of resistance to authority, and of alcoholism. It also shows a number of psychiatric examinations and evaluations. Among them is the report of a psychiatrist who examined the applicant at the request of the latter's attorney. This report concludes with a paragraph containing a statement that in the opinion of the Doctor the applicant "is a Defective Delinquent as defined by law, and his commitment to Patuxent Institution is recommended." Reports from the Patuxent Institution also indicate that he is a defective delinquent, and seem to show that he has adjusted better there than he did in a penal institution.

It seems evident that even if the application were in proper form, there would be no reason to suppose that there was error in Judge Byrnes' determination that the applicant was a defective delinquent.

*Application denied.*