# BRAXTON *v.* STATE

[No. 178, September Term, 1963.]

2

*Decided March 3, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*John R. Hargrove* for appellant.

*Jacques E. Leeds, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Don-*

*nell, State's Attorney* and *Andrew J. Graham, Assistant State's Attorney,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Appellant was convicted of burglary, larceny and house-breaking on the strength, in part, of evidence admitted over his objection that it had been seized as an incident of an illegal arrest.

There had been a number of burglaries in the area surrounding Twenty-fifth and St. Paul Streets in Baltimore. Two policemen working in plain clothes were assigned to cruise about the area in an unmarked car bearing regular tags in an effort to pick up the persons responsible. About midnight one evening, as they were going east on Twenty-sixth Street, they observed a truck with its headlights unlighted come towards and go on by them. They turned and followed the truck for several blocks. At Maryland Avenue and Twentieth Street the truck stopped and its two occupants got out and ran away. Appellant was pursued and arrested, after he had been warned he would be shot if he did not stop running. From his right rear pocket was taken an envelope bearing the name of the Royal McBee Corporation. Appellant was then taken back to the truck where a look revealed eighteen typewriters therein, fifteen being in cartons which bore the name of the Royal McBee Company, 428 E. 25th Street. The typewriter company had been broken into and robbed of a number of typewriters earlier that night but these facts did not become known to the police for an hour or more after the arrest and the searches and seizures.

The one police officer who testified (he had been the superior officer on the assignment) said frankly that at the time he followed the truck and arrested appellant he had no knowledge that a burglary had been committed that night. He said: "we were plagued with burglaries in the area and my assignment was strictly to apprehend burglars in that area." When he saw the truck coming from a business neighborhood with its lights out, he felt "perhaps it was involved in something, in some burglary * * *. I was pursuing the truck to investigate it in regards to burglary not any particular burglary but

4

it is a mere suspicion." Asked if he had a reason to suspect that a crime had been committed, he answered "only my own thoughts." He did not give consideration at the time to the violation of law of operating without headlights (although his testimony disclosed he was familiar with the provisions of Code (1957), Art. 66½, Secs. 271 and 272) and said in his experience as a policemen he had never arrested a person for that offense. He had made investigations of lack of lights but there had been reasonable explanations such as the failure having just happened or an inadvertent neglect to turn them on.

Judge Prendergast ruled that in view of the facts that (a) the police knew of recent burglaries in the neighborhood and were looking for evidence to help bring the perpetrators to justice, (b) the truck was not of the type to be expected in the area (not bearing the name of any firm or company) and took "evasive action" without lights when followed, and (c) the occupants of the truck ran away, the police had reason to believe appellant was guilty of one or more of the various felonies they were aware of and were investigating and were justified in making the arrest and the seizures which followed.

The basis for a legal arrest without a warrant for a felony was spelled out in *Mulcahy v. State*, 221 Md. 413, and restated in *Edwardsen v. State*, 231 Md. 332; the arresting officer, acting as would a reasonably cautious man, must have had grounds (including facts and circumstances within his knowledge or of which he has reasonably reliable information) to believe (a) that a felony had been committed and (b) that the person arrested had committed the felony. We think, although the matter is not entirely free from doubt, that the arresting police in the case before us had no more than, as they said, strong suspicion that the appellant had committed any of the felonies they were investigating. Reasonable belief can be based on less than would justify conviction but there must be present more than suspicion, even strong suspicion. *Price v. State*, 227 Md. 28, 33.

It is true flight may be evidence of guilt, although of itself it is not conclusive. The flight in this case would not seem to have had sufficient reasonable relation to any felony of which the officers were aware. As we see them, the facts and

circumstances here would not have warranted a reasonably prudent man in believing that the appellant had committed a felony. *Edwardsen v. State, supra; Henry v. United States,* 361 U. S. 98.

Although a reasonable belief that appellant had committed a felony may not be availed of, it is our view that there may be reliance on the companion rule that a peace officer may make an arrest without a warrant for a misdemeanor which has been or is being committed in his presence, if he has reasonable grounds for belief that the person he arrests committed it. *Price v. State, supra,* and cases cited therein at p. 35 of 227 Md. The testimony established that the truck was being operated at night without lights in front in violation of Code (1957), Art. 66½, Secs. 271-272, which require every vehicle on a highway (not parked in conformity with statutory requirements) to display lighted head lamps when there is not sufficient daylight to render persons, animals or substantial objects clearly discernible at a distance of three hundred feet. Violation of these sections is made a misdemeanor punishable by a fine of up to $100.00 by Sec. 287 (d) of Art. 66½. There would seem to be no room for substantial doubt that the police had every reasonable cause to believe that either or both of the occupants of the truck they pursued were guilty of the misdemeanor of violating Secs. 271-272 of Art. 66½ of the Code (1957), either as the driver or the owner of the offending truck. After the truck had twisted and turned for some eight blocks in an artful effort to escape its pursuers, without success, the occupants were seen by the police to leap out and flee on foot. Appellant was never out of police view from the time he left the truck until his arrest.

The policeman disclaimed an intent to deviate from his practice of not arresting a motorist for failure to obey the mandates of the statutes as to lights but if he observed a violation of the law, as he did, by one he could identify, as he could here, it was his duty to act. "The general rule is that an officer of the law may not arrest a person for a misdemeanor without a warrant, but, on principle and authority, if an officer of the law detects a person committing a misdemeanor or engaged in its attempt he should do something to prevent it or, fail-

ing in this, should bring him to justice." *Romans v. State of Maryland,* 178 Md. 588, 599, quoted in *Price v. State,* at page 37 of 227 Md.

The freedom of the individual from unwarranted or unjustified harassment and molestation by the police and his right to privacy, guaranteed by the constitutional proscriptions against unreasonable searches and seizures on the one hand, and the needs of society on the other, require the striking of a balance not easy to achieve and the drawing of lines not always easy to draw. But one who commits a crime in the presence of the police and then attempts to flee can have no just cause to complain that his right not to be arbitrarily or unlawfully taken into custody has been affronted, or that articles unlawfully in his possession or under his control have been seized and used in evidence against him either in a prosecution for the crime he committed in the view of the police or another crime.

Despite the intent of the police to arrest the appellant on suspicion of having committed burglary which, under the circumstances, would not have been lawful, the arrest was lawful because it was made by a peace officer who saw a misdemeanor committed and had reasonable grounds for inferring that the man he arrested had committed the misdemeanor. If the arrest was lawful, the search of the person and of the vehicle under the control of the misdemeanant was justified and so was not an unreasonable search, and the stolen articles seized were admissible against the accused. *Brown v. State,* 207 Md. 282.

In *Jenkins v. State,* 232 Md. 529, the police, whose suspicions had been aroused, attempted to halt an automobile. The driver fled in the car at very high speed and committed various other gross violations of the motor vehicle law—all misdemeanors—in the view of the pursuing police. When the fleeing car finally overturned, the driver was arrested and articles in the car were taken by the police to the station house. An hour or so later, it was learned that a nearby tavern had been broken into and most, if not all, of the articles found in the car had been stolen from it. The man arrested was not charged with violation of the motor vehicle code but with breaking and entering and larceny. We said the violations of the traffic laws which the police saw justified the arrest and the seizure and

admission in evidence of the articles objected to, finding an analogy in the unlawful methods used in the effort to escape apprehension to the use of excessive force in resisting an illegal arrest. The opinion ended with these observations: "the traffic violations were ample grounds for the arrest of Jenkins, and made lawful the seizure of the evidence found in the car."

This Court's views in *Jenkins*, that if the circumstances make an arrest legal for one crime there may be a reasonable seizure of goods unlawfully in the possession of or under the control of the one arrested and a consequent right to use them as evidence in a trial for a crime different from that which justified the arrest, are sustained by the cases. A similar conclusion was reached in *Edwards v. State*, 196 Md. 233 (the arrest was on reasonable probability of commission of robbery in Virginia, with seizure of lottery paraphernalia held properly used to convict for violation of gambling laws in Maryland); *Nichols v. Warden*, 232 Md. 663 (search by permission for a gun disclosed evidence of lottery violations, and seizure and use of lottery evidence held legal). To the same or similar effect are *Gouled v. United States*, 255 U. S. 298; *Harris v. United States*, 331 U. S. 145; *State v. Superior Court* (Wash.), 188 P. 2d 125, cert. den. 337 U. S. 956; *State v. Polson* (Ida.), 339 P. 2d 510.

*Judgment affirmed.*

BRUNE, C. J., dissents.