CAPPARELLA *v.* STATE

[No. 307, September Term, 1963.]

*Decided June 8, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Daniel Cohen* for the appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Stanley Cohen, Assistant State's Attorney,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, William T. Capparella, was tried under four indictments in the Criminal Court of Baltimore on April 19, 1963. He was found guilty under four counts of indictment No. 4612, charging robbery, assault with intent to rob, assault, and petit larceny. He was also convicted under two counts of indictment No. 2901, charging burglary of a dwelling house in the nighttime and grand larceny. As to the remaining charges, either the appellant was found not guilty, or motions for judgments of acquittal were granted. Consecutive sentences of ten years under No. 4612 and five years under No. 2901 were imposed, and the accused then appealed.

The evidence presented by the State to support indictment No. 2901 showed that on July 20, 1962, at about 6:15 A.M., while walking on Perring Parkway, the appellant was arrested and searched by a Baltimore City policeman. The arresting officer testified that he was cruising in the area in response to instructions received over the police car radio to look for a "suspicious man", who had a band-aid on his face and was wearing dark trousers. Although the officer did not know it at the time of the arrest, the source of the information for the police radio call was a woman who lived in the neighborhood and who had called the police after a man had knocked on her door early in the morning, asked for a drink of water, and then walked away. The only basis for the appellant's arrest was that he fitted the description of the suspicious man, and he looked as though he had something under his coat. The arresting officer searched the appellant on the street, and after discovering a radio and a camera under his coat, took him to the police station for investigation. At the station a further search of the appellant revealed a wallet which contained identification showing that it belonged to a Mr. Hoffman. The police then went to the home of Mr. Hoffman at approximately 7:00 A.M., woke him up, and told him that they had apprehended a man who was in possession of his wallet. Mr. Hoffman then discovered, for the first time, that his house had been burglarized while he was asleep and that his wallet, a radio and a camera had been stolen.

After the appellant's arraignment on indictment No. 2901, in

September, 1962, the State entered a *stet* in the case and the appellant was released from custody. Subsequently, on November 30, 1962, two police officers driving along Baltimore Street at approximately 11 P.M., noticed the appellant standing on a corner and saw what they believed to be a gun tucked in his trousers when he opened his coat. They arrested the appellant, but upon searching him found that the gun was only a toy. However, the appellant was taken into custody and, as a result of a check of complaints, he was placed in a lineup where he was identified by a Mrs. Stricker, as one of two men who had robbed her at gun point as she sat in her automobile shortly after 1 A.M. on the same day. Indictment No. 4612, charging the appellant with the robbery of Mrs. Stricker, ensued. The *stet* in the case involving indictment No. 2901 was stricken out and the two cases were tried together (along with two other cases mentioned in the first paragraph of this opinion).

At the trial, the wallet, radio and camera seized on July 20, 1962, were admitted in evidence, over timely objection, after the trial judge ruled that the arrest on that date was lawfully made. Based on this evidence, the appellant was found guilty under two counts of indictment No. 2901. The court held, however, that the arrest on November 30, 1962, was illegal, and as a consequence refused to admit the toy pistol in evidence, when counsel for the appellant made timely objection. But the appellant was nevertheless found guilty under indictment No. 4612, on the basis of testimony supplied by several witnesses. Mrs. Stricker, the victim of the robbery, identified the appellant as one of the men who had robbed her, and as the man she had picked out of the previous lineup. A Miss Kane, who lived about a block from the scene of the robbery, testified that shortly after the time Mrs. Stricker said she was robbed, two men, one of whom she identified as the appellant, came to her back door and asked for a drink of water, and that she had identified the appellant in a lineup the next day. Also linking the appellant to the robbery was a fingerprint taken from the window of Mrs. Stricker's automobile, which an expert identified as being the appellant's. It is not clear from the record whether the fingerprint identification was made from the finger-

prints of the appellant taken after the arrest in question, or by a comparison with fingerprints available to the police from one of the appellant's earlier arrests. In finding the appellant guilty under indictment No. 4612, the trial judge stated that he was relying only upon the identification of the appellant by the robbery victim, the corroboration of the victim's testimony provided by Miss Kane, and the fingerprint evidence. The judge expressly stated that the toy pistol was "not being considered in the finding of guilty".

On this appeal, the appellant contends that evidence introduced in connection with both indictments No. 2901 and No. 4612 was the fruit of an illegal arrest, and therefore was inadmissible since it was within the constitutional prohibition against unreasonable searches and seizures.

We think the testimony concerning the arrest of the appellant on July 20, 1962, which led to indictment No. 2901, permits only the conclusion that the arrest was made illegally. It is fundamental that a police officer may arrest a person without a warrant for a misdemeanor only if the crime is committed in his presence, or for a felony only if it is committed in his presence or if he has reasonable ground or probable cause to believe that a felony has been or is being committed and that the person arrested committed or is committing the offense. *Stanley v. State,* 230 Md. 188, 186 A. 2d 478 (1962); *Young v. State,* 234 Md. 125, 198 A. 2d 91 (1964). In the present case, no misdemeanor or felony was being committed in the presence of the arresting officer. Furthermore, since at the time of the arrest neither the victim of the burglary nor the police officer who made the arrest knew that the felony had been committed, it cannot be argued that the policeman had reasonable ground to believe that the appellant had committed the felony for which he was charged. It is clear that the police officer arrested the appellant only because he answered the description of a "suspicious man", and had a suspicious bulge under his coat, but, as we have often said, mere suspicion does not form a sufficient basis for arrest. *Young v. State, supra; Braxton v. State,* 234 Md. 1, 197 A. 2d 841 (1964). Since the arrest was unlawful, and there was no evidence of voluntary consent to the subsequent search, the trial court committed prejudicial er-

ror in failing to exclude from evidence, upon the appellant's objection, the wallet, radio and camera which the police seized as incidental to the arrest. The State concedes that without the admission of the "forbidden fruit" the appellant would not have been convicted, and that a new trial would be futile. The conviction under indictment No. 2901 must be reversed.

As regards indictment No. 4612, the trial court held, we think correctly, that the appellant was arrested illegally on November 30, 1962, and therefore the motion to suppress the evidence seized as a result of that arrest was properly granted. The appellant specifically objected to the admission of the toy gun and it was kept out of evidence. The appellant now claims that the identification and fingerprint evidence were also inadmissible as the product of an illegal arrest. However, there was no objection to the admission of identification testimony of Mrs. Stricker and Miss Kane, nor did the appellant object to the admission of the fingerprint evidence. This testimony and evidence, admitted without objection, were sufficient to support the conviction under indictment No. 4612. The trial judge distinctly stated that the verdict of guilty under indictment No. 4612 was based only upon the evidence to which no objection had been made. Cf. *Jenkins v. State,* 232 Md. 529, 533, 194 A. 2d 618 (1963). Objection cannot be made for the first time upon appeal. Maryland Rule 885. While at the end of the entire case the appellant made a motion to suppress all evidence obtained as the result of an illegal seizure, the motion was too broad and came too late. *Porter v. State,* 230 Md. 535, 187 A. 2d 870 (1963) ; *Banks v. State,* 228 Md. 130, 132, 179 A. 2d 126 (1962). Hence the conviction under indictment No. 4612 must be affirmed.

> *Judgment under indictment No. 2901 reversed; judgment under indictment No. 4612 affirmed.*