SELLARS *v.* STATE

[No. 80, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-MOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Charles E. Wehland* for appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Cornelius F. Sybert, Jr., State's Attorney for Howard County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

On this appeal from his conviction for breaking and entering and grand larceny, the defendant (Billy Eugene Sellars) contends that cigarettes found in the trunk of the automobile he was operating with a defective license tag light were improperly admitted in evidence.

A state trooper engaged in patrolling the Baltimore-Washington Boulevard at night observed a nineteen-fifty Plymouth sedan traveling thereon with no light over its rear temporary registration tag. The trooper followed the automobile for about an eighth of a mile, and as the patrol car was about to pull abreast of the automobile, the defendant drove onto the shoulder of the highway, stopped and got out. The trooper came to a halt a few feet behind the automobile, put his high beam

lights on and also got out as the defendant approached him. Two passengers in the automobile remained therein. After informing the defendant that he had been stopped because his tag light was out, the trooper volunteered to show the defendant what he was talking about. When asked to produce his operator's license and registration card, the defendant exhibited his operator's license and another card. The license was in order, but the trooper never had an opportunity to even see the other card.

There was a conflict in the evidence as to what thereafter transpired. The trooper testified that as he took hold of the tag light to jiggle it while he and the defendant were standing between the two vehicles, the trunk of the sedan flew open. The defendant testified that the trooper turned the trunk handle and lifted the lid without his permission. An automobile mechanic testified that the trunk mechanism on nineteen-fifty Plymouths was such that the lid would not open unless it was manually raised by a pull upwards after turning the handle, but stated that while it was improbable, it was not impossible for the lid to spring up as the result of pressure from the inside.

The opened trunk revealed a large quantity of cigarettes in cartons partially covered with what appeared to be blood. When asked where the cigarettes came from, the defendant stated that he was hauling them for someone. The trooper, disbelieving the explanation, drew his revolver and placed the defendant under arrest. While the trooper kept him covered and attempted to approach the other occupants of the automobile, the defendant fled and successfully escaped as the trooper fired a warning shot. After a search of the other two persons (and the discovery on them of a large number of cigars), they, along with the cigarettes found in the trunk, were taken to a state police station.

At the time of arrest and the ensuing seizure of the cigarettes, the trooper was not aware that a service station located within a mile of the place of arrest had been broken into and robbed of the cigarettes seen in the automobile. Nor was the trooper patrolling the area in search of any particular person. On the contrary, except for the traffic violation, there was no reason to suspect that the defendant was involved in any other offense

until the trunk was opened. It is undisputed that the opening of the trunk was without a search warrant and without the consent of the defendant.

The trial court, although correctly stating the law of the case, found as a fact that the trunk could have opened as the trooper said it had, and held there was probable cause for the arrest, apparently on the theory (as stated in *Jenkins v. State,* 232 Md. 529, 194 A. 2d 618, and reiterated in *Braxton v. State,* 234 Md. 1, 197 A. 2d 841) that the traffic violation was ample grounds for the arrest and made lawful the seizure of the evidence found in the automobile. The defendant, however, citing *Dailey v. State,* 234 Md. 325, 199 A. 2d 211 (1964), and other recent cases, contends that the trooper was a trespasser and therefore lacked authority to seize the cigarettes which were revealed when the trunk was opened regardless of what caused the lid to spring upwards.

We think the cigarettes used to convict the defendant should not have been admitted as evidence. Even if it be assumed, without deciding, that the trooper was not a trespasser and that the trunk lid opened as a result of internal pressure when it was jiggled by the trooper, it is clear there was no reasonable ground or probable cause for him to believe that a felony had been committed and that the person arrested had committed the offense. *Young v. State,* 234 Md. 125, 198 A. 2d 91 (1964) ; *Edwardsen v. State,* 231 Md. 332, 190 A. 2d 84 (1963) ; *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960). At the time the arrest was made, the trooper did not know that a nearby service station had been broken into and robbed. Since the cigarettes were not contraband, the possession of which would have been illegal, it is clear that the mere presence of what appeared to be blood on some of the cartons was not enough to warrant the arrest of the defendant or the seizure of the cigarettes under the circumstances. The trooper did not inquire, and there was no explanation, as to how or when "blood" got on the cartons of cigarettes. Moreover, the flight of the defendant *after* his arrest—unlike the flights in the *Jenkins* and *Braxton* cases which were made *before* arrest—would not validate the previously made unlawful arrest. While it is evident that the disclosure of the contents of the trunk and the unlikely explana-

tion given by the defendant for their being there created a suspicion in the mind of the trooper that a felony had been committed, mere suspicion, without more, was not a sufficient basis for the arrest and seizure of the cigarettes. See *Capparella v. State,* 235 Md. 204, 201 A. 2d 362 (1964), where we also found a lack of probable cause for arrest.

As the arrest of the defendant was unlawful, we hold that the cigarettes seized as a consequence thereof were improperly admitted in evidence.

> *Judgment reversed and case remanded for a new trial; the costs to be paid by Howard County.*