TURCK *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 32, September Term, 1964.]

 

*Decided December 7, 1964.*

Before the entire Court.

PER CURIAM.

In this application for leave to appeal from a determination of defective delinquency, counsel for the applicant requested a transcript of proceedings, and one was ordered by this Court. The chief contention is as to the sufficiency of the evidence. The transcript shows that Dr. Boslow, the only medical witness (although the applicant took the stand), in response to questions by Chief Judge Manley, testified that the applicant was not psychotic, not emotionally unbalanced, and not intellectually deficient, having an I.Q. of 90. He nevertheless expressed the opinion that the applicant came within the definition of a defective delinquent "on the basis of persistent aggravated antisocial and criminal conduct and marked emotional instability." It is true, as the applicant's counsel points out, that the definition in Code (1964 Supp.), Art. 31 B, sec. 5, requires that in addition to "persistent aggravated antisocial or criminal behavior", the person charged must have "either such intellectual deficiency or emotional unbalance, or both" as to clearly demonstrate a danger to society. Obviously, mere criminal activity will not support a commitment to Patuxent. But in the context we think the "marked emotional instability" found by Dr. Boslow is sufficiently equated to "emotional unbalance", and the later statement can be fairly said to correct the earlier one. In any event, we find in the record evidence, in the staff report read into the record, and in the report of Dr. Lerner, who examined the applicant at his request, to support the finding of Chief Judge Manley. These reports unequivocally ex-

pressed the opinion that the applicant met the statutory definition.

*Application denied.*