BROOKHART *v.* STATE

[No. 255, September Term, 1964.]

*Decided April 29, 1965.*

The cause was submitted on the brief to HAMMOND, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

Submitted by *Stanley J. Schapiro* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Carville M. Downes, Assistant Attorney General,* and *Charles E. Moylan, Jr.* and *James A. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* for appellee.

PER CURIAM.

The appellant's sole contention is that the evidence was insufficient to support his conviction by the trial court, sitting without a jury, on a charge of carrying two revolvers, concealed upon and about his person. It is claimed the evidence did not show that the weapons were concealed, or that they were on or about his person, or that he had possession or control of them. However, we think there was ample evidence from which the trial court could find otherwise, as it did.

The State's evidence was as follows. At about 3:00 A.M. two cruising police officers saw an old Buick come out of an alley and proceed down the street without headlights. A man (later identified as the appellant) sitting to the right of the driver was observed attempting to conceal something under the dashboard. The officers stopped the Buick and the driver came back to the police car, where one officer checked his identification cards. The other officer went to the Buick and asked the appellant for some identification. The appellant requested some light. When the officer trained his flashlight on the appellant he observed three live pistol cartridges on the floor of the car at his feet. The officer returned to the police car and told his confrere what he had seen. The second officer alighted from the cruiser on the right side and then saw the appellant lean out of the right side of the Buick and push two revolvers under the automobile. The officers found two loaded revolvers under the Buick and charged the two men with carrying concealed weapons.

The trial court was warranted in drawing the inference from all the attendant circumstances that the revolvers were concealed in the automobile, under the control of the appellant, at the time when the officer observed the live cartridges at the feet of the appellant. Cf. *Wood v. State,* 192 Md. 643. In any event, all elements of the offense were verified when the other officer saw the appellant conceal the weapons under the automobile. Anno. 43 A.L.R. 2d 492; cf. *Iozzi v. State,* 224 Md. 42.

*Judgment affirmed.*