# EDWARDS v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 122, September Term, 1964.]

*Decided May 28, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

PER CURIAM.

This is the third application of Richard Edwards, Jr., for leave to appeal from an order denying him post conviction relief. The applicant, who was charged in the Criminal Court of Baltimore with armed robberies in six indictments, pled guilty to four of the charges, was found guilty of one, and the State stetted the sixth. The first application was denied in *Edwards v. Warden,* 221 Md. 575. On the second application, in which it was contended for the first time that a gun found in his automobile was seized as a result of an illegal search, leave to appeal was granted and the application was remanded in *Edwards v. Warden,* 232 Md. 667, for the purpose of determining the legality of the seizure.

On remand, the findings of fact made by the hearing judge disclose that the applicant, who failed to yield the right of way to a police car at an intersection, was stopped by police who were patrolling the area in search of suspects in connection with a series of armed robberies in the neighborhood; that while the police were questioning the applicant, they saw a gun fall from the automobile the applicant had been operating; and that the applicant was then placed under arrest and the gun was seized.

On these facts, the hearing judge found that the applicant, by failing to yield the right of way, had committed a misdemeanor in the presence of the arresting officers, and concluded on the authority of *Braxton v. State,* 234 Md. 1, that the arrest as well as the subsequent seizure of the gun were lawful, and distinguished *Sellars v. State,* 237 Md. 58, on the ground that the officers, having witnessed the traffic violation and having seen the gun fall from the automobile, were justified in making the arrest.

In *Braxton,* the arrest, which was made before the police saw the evidence subsequently seized, was held to be lawful because it was made for a traffic violation committed in the presence of the arresting officers. In *Sellars,* the arrest, instead of having been made for the traffic violation, was made without probable cause after the evidence seized had been seen by the police. Here, however, although the arrest was not made until after the gun had fallen from the automobile in the presence of the arresting officers, the seizure of the gun as evidence was lawful since it was made pursuant to an arrest for a violation (carrying a pistol in a vehicle) of § 48 of Art. 24 of the Baltimore City Code of 1950. See *Jenkins v. State,* 215 Md. 70. *Cf. Brookhart v. State,* 238 Md. 625.

*Application denied.*