## CAPPARELLA *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 8, September Term, 1965 (Adv.).]

714

*Decided August 6, 1965.*

Before the entire Court.

PER CURIAM.

On April 19, 1964, the applicant was convicted in the Criminal Court of Baltimore for burglary and robbery and sentenced to five years for burglary and ten years for robbery, the sentences to run consecutively. On appeal, the burglary conviction was reversed and the robbery conviction was affirmed. *Capparella v. State,* 235 Md. 204, 201 A. 2d 362 (1964). Thereafter, on September 18, 1964 the applicant was determined by Chief Judge Manley, sitting without a jury, to be a defective delinquent as defined by Code (1964 Supp.) Article 31B, Section 5. This is an application for leave to appeal from that determination.

The applicant, through his court appointed counsel, makes the following contentions: "(a) That the verdict of the court was erroneous and against the weight of the evidence; (b) that the trial court erred because there was no evidence legally sufficient to support the trial court's findings of the applicant to be a defective delinquent; (c) that the State's witness, Dr. Boslow, committed perjury; (d) that counsel appointed to represent the applicant at the hearing was inadequate; (e) that the trial court erred in presuming the applicant guilty until proven innocent in violation of his constitutional guarantee of right to fair trial; (f) that the applicant was denied due process as he was seriously mentally ill and incapable of making a defense, nor was he able to understand the nature of the proceedings, and (g) that the applicant was unable to understand the psychological testimony offered in evidence and was incapable of challenging such evidence." Contentions (c), (d), (f) and (g) were not raised below and under our rules cannot be raised here for the first time. Maryland Rule 885; *Brown v. State,* 237 Md. 492, 498, 207 A. 2d 103 (1965). Contention (e) is a mere bald allegation without a supporting statement of the facts relied upon as required under our rules. Maryland Rule 894 a 2 (a) ; *Murel v. Director,* 231 Md. 661, 191 A. 2d 445 (1963) and cases therein cited.

The applicant contends that the finding of the lower court was against the weight of the evidence. In non-jury defective delinquency cases, as in other non-jury civil trials, the test is whether the findings were clearly erroneous, due regard being given to the opportunity of the lower court to judge the credibility of the witnesses. *Johns v. Director* 239 Md. 411, 211 A. 2d 751. A review of the record indicates that, in any case, the lower court's finding was not clearly erroneous. Indeed, the applicant's own psychiatrist, Dr. Philip F. Lerner, concurred in Dr. Boslow's opinion that the applicant is too dangerous an individual to be released into society.

Finally, the applicant's application attacks the sufficiency of the evidence before Chief Judge Manley to support the court's finding. The report of the applicant's psychiatric evaluation at Patuxent, which is a part of the record in this case, unequivocally expressed the opinion that the applicant met the statutory

definition of Section 5, Article 31B of the Code (1964 Supp.). The record also shows that Dr. Boslow took the stand in support of the report. We have held that this is sufficient to sustain the commitment. *Turck v. Director*, 236 Md. 653, 205 A. 2d 397 (1964).

*Application denied.*