## WILLIAM EARL RANDOLPH *v.* STATE OF MARYLAND

[No. 136, Initial Term, 1967.]

*Decided June 26, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and RUSSELL, J., Associate Judge of the

Eighth Judicial Circuit, specially assigned.

*Leonard S. Jacobson*, with whom was *G. Denmead LeViness* on the brief, for appellant.

*S. Leonard Rottman, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Charles E. Moylan, Jr., State's Attorney for Baltimore City*, on the brief, for appellee.

PER CURIAM.

The appellant, William Earl Randolph, was convicted on March 4, 1966, by Judge Meyer M. Cardin, sitting in the Criminal Court of Baltimore, of common-law burglary and was sentenced to serve five years in the Maryland Penitentiary. He now appeals from his conviction.

On January 1, 1966, at approximately 10:40 p.m., Officer Caprinolia of the Northern District of the Baltimore City Police Department encountered three males walking in the 2500 block of Barclay Street. Two of these males, the appellant and his brother, were carrying shopping bags and other household articles and the third was wheeling two bicycles. The officer approached the three and questioned the Randolph boys as to whose possessions they were carrying. The appellant then told the officer that the goods belonged to his aunt who lived on Lorraine Avenue and that she had given them the various articles to take to their mother's home at 415 East 23rd Street. The officer questioned them as to the contents of the shopping bags and a tool box which he was carrying. Not being satisfied with their response, he opened the tool box where he found several items including an electric drill. The officer testified that the boys' vagueness as to what they were carrying at the time of the encounter made him suspicious that the items had been stolen so he placed them under arrest. He then searched the appellant and found a "steel-setter's wrench and two screwdrivers in his waistband." During this series of events the officer apparently was satisfied with the explanation given by the third individual and he was permitted to leave.

The appellant was then taken to the Northern District Stationhouse where it was thereupon determined that earlier that

evening the home of Mrs. Bessie Goings, 401 East Lorraine Avenue, had been broken into and certain items stolen therefrom. Mrs. Goings testified that the entry was made through the back door and that two bicycles, some clothing, a clock radio, an electric heater, an electric drill and a blanket were missing. At the trial, a photograph of these items taken at the stationhouse was offered, over the defense's objection, "for identification only" but was never actually admitted into evidence. The items themselves were admitted, again over objection, as State's Exhibit #1 and the wrench and screwdrivers found on the appellant's person were admitted, also over objection, as State's Exhibit #2.

While at the stationhouse and after the determination that Mrs. Goings' home had been broken into, the appellant was interrogated at approximately 2:00 a.m. and a statement was taken from him which, at the trial, was admitted over objection as State's Exhibit #3. The substance of that statement was that the "Richardson boy" (the male who was not arrested with the other two) asked the appellant to go with him to Richardson's aunt's home to get some things she had given him, and that the appellant and his brother went with Richardson to 401 East Lorraine Street where Richardson entered through the front door and handed out the items found in the three males' possession, including the two bicycles. When the appellant took the witness stand in his own defense, he repeated the substance of the statement and added, among other things, that the tools found on his person were there because he had been fixing a door at his home when Richardson came to get him.

The appellant raises three contentions, the first of which is that his arrest and the subsequent search and seizure were illegal. We agree.

In *Capparella v. State*, 235 Md. 204, 201 A. 2d 362 (1964) Judge Sybert stated at page 208:

> "It is fundamental that a police officer may arrest a person without a warrant for a misdemeanor only if the crime is committed in his presence, or for a felony only if it is committed in his presence or if he has reasonable ground or probable cause to believe that a

felony has been or is being committed and that the person arrested committed or is committing the offense."

In the present case, no misdemeanor or felony was being committed in the presence of the arresting police officer. Furthermore, since at the time of the arrest neither Officer Caprinolia nor Mrs. Goings knew that the burglary had been committed (she discovered the items were missing sometime between 11:00 and 11:30 p.m. that evening), it cannot be argued that the officer had reasonable ground or probable cause to believe that the appellant had committed the felony for which he was charged. It is clear that the officer arrested the appellant only because he answered the description of a "suspicious man", due to the items in his possession at the time of the encounter, but, as often said, mere suspicion does not form a sufficient basis for arrest. *Capparella v. State,* supra; *Young v. State,* 234 Md. 125, 198 A. 2d 91 (1964) ; *Stanley v. State,* 230 Md. 188, 186 A. 2d 478 (1962). Therefore, since the arrest was unlawful and there was no evidence of voluntary consent to the subsequent search, the trial court committed prejudicial error in failing to exclude from evidence, upon appellant's objection, the items seized from the appellant at the time of his arrest identified as State's Exhibits #1 and #2.

Since we have found the trial court committed prejudicial error in the admission of certain evidence, the remaining two contentions are moot.

*Judgment reversed and case remanded for a new trial.*