## RONALD EUGENE HOWARD *v.* STATE OF MARYLAND

[No. 56, Initial Term, 1967.]

*Decided February 16, 1968.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Louis Peregoff* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E.*

*Moylan, Jr., State's Attorney for Baltimore City,* and *John H. Lewin, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, Ronald Eugene Howard, was convicted of assault with intent to rob by Judge J. Gilbert Prendergast, sitting without a jury, in the Criminal Court of Baltimore. On February 17, 1966, he was sentenced to serve not more than six years in the Maryland Correctional Institution. Howard entered an appeal, *pro se,* on March 4, 1966, and, on March 22, 1966, counsel was appointed to represent him in this appeal. Appellant's brief was initially due to be filed on June 15, 1966. At the request of his court-appointed counsel, the time for filing the brief was successively extended through numerous stipulations with the State until January 25, 1967. Notwithstanding these numerous extensions, no brief was ever filed and the State thereafter moved to dismiss the appeal. A copy of the motion was sent to the Appellant who filed an answer, *pro se,* in opposition thereto. This Court denied the State's Motion to dismiss and appointed another attorney to act on behalf of the Appellant in this appeal.

The Appellant's newly appointed counsel contends that the Appellant "was deprived of due process of law under the State and Federal Constitutions because of failure of the State to diligently process his appeal and hearing in the Appellate Court." He apparently argues that the failure of court-appointed counsel to file a brief constitutes a failure on the part of the State to diligently process the appeal and that this, in effect, amounted to a denial of a speedy trial or a denial of due process.

While the conduct of the Appellant's original counsel, unexplained, seems unjustified, we do not see how, on the record before us, his conduct could be chargeable to the State. Hence, we see no denial of due process and we know of no authority to support the contention that the delayed appeal may constitute a denial of a speedy trial in the Constitutional sense.

The Appellant's contention that the failure to give him a lie detector test which he was willing to take was prejudicial error

is without merit. As stated by the Court of Appeals of Maryland in *Hyde v. Warden,* 235 Md. 641, 645, such failure "involves no violation of any constitutional right of which we are aware."

The Appellant's contention that his trial counsel was incompetent is not properly before us. Md. Rule 1085; *Sherrod v. State,* 1 Md. App. 443, 440.

*Judgment affirmed.*