## FRED JONES v. STATE.

No. A-7749. Opinion Filed Dec. 13, 1930.
(294 Pac. 210.)

John W. Whipple, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted upon a charge of transporting liquor, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days. From the sentence and judgment the defendant has appealed.

The testimony on behalf of the state, in substance, shows that the defendant and R. N. Ridenhour, on the 1st day of November, 1929, were in the town of Perkins, Okla., and as they drove out of Perkins one or the other of the men holloed; the city marshall and other officers of the town followed them, and a short distance out of town caught up with them; the defendant had stopped the car in which he and Ridenhour were riding, and Ridenhour had a bottle of whisky in his hand; when the officers took this whisky from Ridenhour, one of the officers told the defendant, Jones, that he wanted to search his car, if it was all right, and Jones told him to go ahead and search; in the seat of the car and up on the back of it they found another bottle, which the officers claim was whisky.   The

defendant says he did not know this bottle was in the car; when he went to his car to start home there were three boys sitting in his car in front of the dance hall, and they got out and left the car.

Ridenhour testified for the defendant and stated before they left the town of Perkins a man told him to stop at a certain telephone post by the road where they would find a bottle of whisky; they did stop and he found the bottle of whisky and walked back to the car, and got in the car and took a drink; the car was standing still at the time. The defendant Jones testified, in substance, the same as the witness Ridenhour; both claim they stopped the car and that Ridenhour had brought the whisky from a nearby telephone pole and was sitting in the car with the bottle in his hand. Neither of the men can account for the other bottle containing a quantity of whisky found in the car of the defendant.

The defendant has assigned several errors as grounds for reversal of this case. He argues at length that the evidence was inadmissible, for the reason that the officers searched the defendant's car without a search warrant. This argument would have merit were it not for the fact that the officers and the defendant testify that the defendant gave them permission to search his car. It is not necessary after the defendant gave the officers permission to search his car that they have a search warrant. The defendant by his action waived his right to require the officers to have a search warrant before searching his car.

The fourth, fifth, sixth, and seventh assignments of error of the defendant relate to the sufficiency of the evidence to sustain the verdict of the jury. It is true the quantity of whisky the defendant transported, which was contained in the bottle the defendant testified he did not

know was in the car, is very small. The statute under which the defendant was tried makes it a penalty to transport any quantity of whisky from one point in the state to another.

The testimony is sufficient to sustain the verdict of the jury. This court has many times held that, where there was any competent evidence upon which the jury could reasonably find a verdict of guilty, it would not disturb the same. Finding no errors in the record of sufficient merit to reverse the case, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.