# HUBBARD *v.* STATE

[No. 132, October Term, 1949.]

104

*Decided April 14, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Calvin L. Brinsfield,* with whom were *Brinsfield & Malkus* on the brief, for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *Charles E. Edmondson, State's Attorney for Dorchester County,* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

On October 9, 1949, Sergeant Howard M. Smith, Jr., of the police force of the City of Cambridge, Dorchester County, Maryland, swore out a warrant before Trial Magistrate Jones, in which he charged Naomi Hubbard "on or about the 9th day of October, 1949, at the City of Cambridge, * * * unlawfully did keep and suffer to be kept on her premises, in her possession, and under her charge and control for the purpose of sale and delivery within this State, certain alcoholic beverages, without a license or permit as provided by law, * * *." Article 2B, Section 2, 1947 Supplement to Code.

The accused prayed a jury trial and was tried in the Circuit Court for Dorchester County before a jury, convicted, sentenced, and has appealed to this court.

On the night of October 9, 1949, Sergeant Smith went to the home of Naomi Hubbard, rapped on the door, and after she was told that he had a warrant for her arrest, she opened the door and he entered. Shortly thereafter Lieutenant Leonard and Sergeant Dayton, of the Cambridge police, entered the traverser's home. There was an apartment on the first floor of her house, consisting of a kitchen, a combination dining room and living room, and a bedroom. The testimony of the State is that after the warrant was read to the traverser she was asked if they could "look around", and she told them that they could "look around". The result was that the officers found in the apartment five bottles, some containing gin and some containing whiskey. This testimony was contradicted by the traverser.

The traverser filed a motion to suppress the evidence found by the officers on the night of the arrest, because the search by which it was obtained was illegal, and in violation of Article 35, section 5, of the 1947 Supplement to the Annotated Code of Maryland, and of Articles 22 and 26 of the Maryland Declaration of Rights, and Amendments Four and Five of the Constitution of the United States. The court overruled the motion. At the trial objection was made to the introduction of the gin and whiskey found by the police, and overruled. These are the only questions presented on this appeal.

Sergeant Smith, at the time he went to the traverser's home and arrested her, had a warrant issued by Trial Magistrate Jones charging the traverser with violation of Article 2B, Section 2 of the Code. It was not only his right to go to the traverser's home, but it was his duty. He was admitted by the traverser. If she freely, voluntarily, and without any coercion, permitted the officers to search her apartment, she had a perfect right to do so, and any incriminating evidence found by them would be proper testimony to be offered by the State at her trial for the offense charged in the warrant. The "look around", or search by the officers was specific. They were looking for intoxicating beverages, which they

found. *Lucich v. State,* 194 Md. 511, 71 A. 2d 432. Under the circumstances the traverser waived her right to object to their search.

*Johnson v. State,* 193 Md. 136, 66 A. 2d 504, is not in point. In that case there was no waiver of a search warrant.

In a case like this, where the traverser testifies that the search was made over her objection, and the police officers testify that she permitted them to make the search, whether the fruits of the search should go to the jury is in the first instance a matter for the court. If the court is of the opinion that the accused freely and voluntarily consented to the search, and there was no coercion or fear brought to bear upon the traverser by the police, the matter should be submitted to the jury, and it is then for the jury to say, on all the facts, whether the traverser waived her right she might have to object to the search.

In this case there is no evidence to show that the traverser waived her right to object to the search because of any coercion or fear practiced upon her by the police. The court was correct in overruling the motion to suppress the evidence obtained by the search made by the police and admitting the gin and whiskey in evidence.

*Judgment affirmed, with costs.*