## LUMPKIN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 74, September Term, 1963.]

*Decided December 10, 1963.*

Before the full Court.

Per Curiam.

A petitioner, confined to Patuxent as a result of a determination that he was a defective delinquent following conviction of a robbery on March 9, 1960, brought a proceeding for post conviction relief on the ground that one conviction would not support the proceeding. His counsel now concedes that the contention was without merit, but at the hearing held before Judge Allen on May 23, 1963, made the contention that the conviction could not stand because he had pleaded guilty to the charge before a magistrate at a preliminary hearing when not represented by counsel. It was conceded by counsel, however, that at no time during the trial for robbery did the State refer to the guilty plea before the magistrate. Judge Allen, in a well reasoned opinion, held that the critical nature of the hearing was not demonstrated, so that the case of *White v. Maryland,* 373 U. S. 59, was distinguishable. We agree. We recently affirmed a similar ruling by Judge Oppenheimer in *Arrington v. Warden,* 232 Md. 672. See also *Lauder v. State,* 233 Md. 142.

*Application denied.*