## CARTER AND GRAY *v.* STATE

[No. 35, September Term, 1964.]

*Decided November 11, 1964.*

The cause was argued before HENDERSON, C. J., and PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

*John R. Hargrove* and *George L. Russell, Jr.,* with whom was *Richard K. Jacobsen* on the brief, for appellants.

*Robert J. Martineau, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Robert V. Lazzaro, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This is an appeal from convictions of the appellants by the Criminal Court of Baltimore for illegal possession of narcotics. The appellants were passengers in a car owned and operated by Calvin Foote. Four police officers came up while Foote's car was parked at a curb. They searched the car, with Foote's permission, and found a piece of paper containing six bags of heroin beneath the right front seat of the car where the appellant, Carter, was sitting. Foote and the appellants were searched but nothing incriminating was found on any of their persons. Subsequently, at the police station, the appellants signed confessions. They contend that Foote's consent to the search of his car was not voluntarily given and, in any event, that the evidence found as a result of a search to which the appellants did not consent could not be used against them. They also contend

that their statements were inadmissible because the arrests were illegal.

Judge Harris, sitting without a jury, found as a fact that Foote had freely given the officers permission to search his car. Two of the police officers so testified and the judge found that the "overall effect" of the testimony of Foote, who took the stand as a State's witness, was that he had given permission to search the entire car. Foote at no time denied that he had freely given his consent. A search by permission of the person entitled to constitutional protection from an unreasonable search is lawful as one of the exceptions to the general rule that reasonable searches must be made as the result of valid search warrants. *Armwood v. State,* 229 Md. 565, 185 A. 2d 357 (1962); *Gross v. State,* 235 Md. 429, 443, 201 A. 2d 808 (1964).

The appellants contend that Foote's consent could not have been freely given because he was on probation after conviction for a prior narcotics offense, but that fact was only one of the circumstances to be considered by the court in determining whether the State had met the burden of showing that consent to the search was freely given. Even when consent to a search is given by a person under arrest, it is for the court to determine whether, under all the circumstances, consent was freely and voluntarily given. *Payne v. State,* 207 Md. 51, 113 A. 2d 93 (1955); *Armwood v. State, supra; Gibson v. United States,* 149 F. 2d 381 (D. C. Cir. 1945) *cert. denied sub noma O'Kelley v. United States,* 326 U. S. 724 (1945). Cf. *Judd v. United States,* 190 F. 2d 649 (D. C. Cir. 1951). There was sufficient evidence in the record in this case for the trial judge to consider the voluntariness of Foote's consent to the search as a question of fact, and, on the record, we agree with his conclusion.

Neither of the appellants objected to the search of the automobile. Under the decisions of this Court, they had no standing to do so. They had no ownership or possessory rights of any kind in the car. *Baum v. State,* 163 Md. 153, 157, 161 Atl. 244 (1932); *Bevans v. State,* 180 Md. 443, 24 A. 2d 792 (1942); *Lambert v. State,* 196 Md. 57, 75 A. 2d 327 (1950). In *Jones v. United States,* 362 U. S. 257 (1960), relied upon by the appellants, federal officers had found narcotics in an

apartment temporarily occupied by the petitioner but owned by a friend. The friend had given the petitioner the use of the premises and a key; he had clothing in the apartment and slept there at least one night. The Supreme Court held that the petitioner had a sufficient interest in the premises to establish him as a "person aggrieved" by the search, and that his interest was sufficient to give him standing as one entitled to claim the constitutional protection against an unlawful search and seizure. The facts in the present case do not fall within the *Jones* orbit. The appellants did not own or control the automobile which was searched, and were not in possession of it.

In *United States v. Peisner,* 311 F. 2d 94 (4th Cir. 1962) the court held that a defendant who was a passenger in an automobile was a proper party to move for the suppression of literature seized in it; but in that case the Government conceded that the defendant had a sufficient interest to move for the suppression of the evidence.[1]

The testimony was conflicting as to whether the appellants were searched before or after the narcotics had been found in the automobile. Judge Harris was not certain on the issue. If the search of the appellants' persons had been made before the narcotics had been found, it was illegal. That search necessarily involved an arrest. *Cornish v. State,* 215 Md. 64, 67, 137 A. 2d 170 (1957) ; *B. & O. R. R. v. Strube,* 111 Md. 119, 127, 73 Atl. 697 (1909). If the car had not been searched before the appellants were ordered out of it, there was no probable cause for their arrest. *Mefford v. State,* 235 Md. 497, 511, 201 A. 2d 824 (1964). Even if the search of the appellants' persons was illegal, however, it bore no fruit, either in the form of tangible evidence or admissions. It was only after the narcotics had been discovered in the car and the appellants taken to the police station that they confessed. At that time, in any event, they were under lawful arrest for possession of narcotics, which is a felony. See *Crosland v. State,* 236 Md. 616. After the offi-

---

1. Rule 41(e) of the Federal Rules of Criminal Procedure permits one who has an interest in the goods seized to raise the propriety of the seizure. In *Peisner,* it appears that the defendant-passenger had a property interest in the literature seized.

cers had lawfully found the narcotics in Foote's automobile, there was probable cause for them to believe that the appellants had violated or were violating the narcotics laws of this State. In *Lingner v. State,* 199 Md. 503, 507, 86 A. 2d 888 (1952), we said "[a]s to the argument that there is not sufficient connection between the appellant and the bags, *probability is the only requirement.*" (Emphasis supplied) Mere illegality of the initial arrest would not preclude a valid second arrest, or make confessions made while under the later arrest invalid, if they were otherwise voluntarily made. *Hall v. State,* 233 Md. 378, 196 A. 2d 874 (1964). The trial court found that the statements by the appellants stemmed not from their arrest but from the permissive search of Foote's automobile, and there was sub·stantial evidence to support his finding.

*Judgments affirmed.*