## MERCER *v.* STATE

[No. 174, September Term, 1964.]

480

*Decided February 9, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Glenn B. Harten,* with whom was *Robert L. Edwards* on the brief, for appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Arthur A. Mar-*

*shall, Jr.* and *Ronald L. Willoner, State's Attorney* and *Assistant State's Attorney,* respectively, *for Prince George's County,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This is an appeal from judgments of conviction on various counts of two indictments tried together in the Circuit Court for Prince George's County before Judge Parker sitting without a jury. Each indictment was for housebreaking, larceny and receiving goods. In trial ♯5033 appellant was found guilty under the first and second counts of the indictment charging, respectively, breaking into a dwelling house with intent to commit a felony and feloniously stealing goods of the value of $100 or more. The sentence as to each conviction under this indictment was five years in the Penitentiary, the sentences to run concurrently. In trial ♯5034, the appellant was found guilty under the first count charging breaking into a dwelling house with intent to commit a felony but motions for acquittal were granted as to the other counts. The appellant was sentenced to a term of eight years in the Penitentiary on his conviction under the first count of trial ♯5034, the sentence to run concurrently with the sentences imposed in trial ♯5033.

The appellant contends, *inter alia*: (1) that certain items of physical evidence were obtained as the result of an unlawful search and seizure; (2) that statements in the nature of a confession had been obtained from him through the unlawful use of force and were illegally admitted into evidence; (3) that the television set, of whose theft the appellant was convicted under the second count of trial ♯5033, was not proved to have a value of $100; (4) that there was a denial of due process in the failure of the court to appoint counsel for the appellant at the preliminary hearing; and (5) that the trial court was in error in finding the appellant guilty under the first count of trial ♯5034 while finding him not guilty under the second count of the same indictment. We shall consider the appellant's contentions in the order named.

I

On April 2, 1964, Prince George's County police had re-

ceived information that a 1956 green Ford station wagon with a specified tag number had been used in the perpetration of house breakings and grand larcencies in the county and that the vehicle was driven by two white males. The details were placed on the "look-out list" by the county police. On the same day, Sergeant Rainey, who was aware of the list, was advised that the described vehicle was at a specific location. It is not clear from the testimony whether Sergeant Rainey was aware that the "look-out list" charged grand larceny. Sergeant Rainey proceeded to the indicated location and, on his arrival, observed two white males, one of whom was the appellant, walking towards the vehicle described on the list. When they entered the vehicle, Sergeant Rainey ordered them out and placed them under arrest. In response to a radio call from Sergeant Rainey, Sergeant Salter arrived on the scene a few minutes later and told the appellant and his companion that they were under arrest in connection with the breaking and entering of apartments and grand larceny. There had been no search of the vehicle or any evidence seized or any statements given before Sergeant Salter arrived. Sergeant Salter testified that he asked the appellant's permission to look into the vehicle and that the appellant told him to go ahead. Search of the vehicle produced identification cards and some bent and crimped plastic playing cards. Similar playing cards from the same deck were found on the person of the appellant's companion. There is an intimation in the testimony that the playing cards were used in breaking into the apartments.

The appellant contends that he was arrested by Sergeant Rainey only for house breaking, which is a misdemeanor, and therefore that the arrest and the subsequent search based thereon were illegal. An officer may not lawfully arrest, without a warrant, for a misdemeanor committed out of his presence, *Le Faivre v. State,* 208 Md. 52, 116 A. 2d 368 (1955), and evidence seized in a search based on such an arrest is inadmissible. *Robinson v. State,* 229 Md. 503, 184 A. 2d 814 (1963). However, there can be a legal arrest without a warrant for a felony when the arresting officer has reasonable grounds to believe that a felony has been committed and that the person arrested has committed it. *Cannon v. State,* 235 Md. 133, 200 A. 2d 919

(1964) and *Braxton v. State,* 234 Md. 1, 197 A. 2d 841 (1964) and cases therein cited. Information placed on a "look-out list" prepared by a police organization of which the arresting officer is a part may constitute probable cause for the arrest. *Farrow v. State,* 233 Md. 526, 531-532, 197 A. 2d 434 (1964). Assuming, without deciding, that the arrest by Sergeant Rainey was illegal on the ground that he did not have reasonable cause to believe that a felony had been committed, the arrest by Sergeant Salter shortly thereafter, on the uncontradicted facts, was clearly legal. Sergeant Salter had reasonable cause to believe a felony had been committed and that the appellant was one of those who had committed it. Even if the initial arrest was unlawful, the subsequent arrest, if as here found, based upon probable cause, is sufficient to support a subsequent search. *Carter v. State,* 236 Md. 450, 204 A. 2d 322 (1964). In this case, as in *Carter,* no statement had been made or evidence seized between the first and second arrests. The physical evidence obtained after the second arrest was properly admitted.

## II

The appellant testified that the oral confessions made after his arrest were not voluntary but were the result of force used upon him by two of the interrogating officers. He testified that Detective Montgomery "smacked him in the mouth" and that Detective Clements "beared the heel of his shoe" into the appellant's foot. Sergeant Salter was the only officer produced by the State who testified as to the voluntariness of the appellant's admissions. Sergeant Salter testified that the appellant's statements were given at the police station some two and one-half hours after the appellant had been brought there and that while he, the Sergeant, was in the room with the appellant, no one touched him. The Sergeant testified, however, that he was not in the room with him the entire time and that he had left prior to the alleged beating. When he returned to take the statement, he did not observe any bruises or marks upon the appellant and he said the appellant did not make any complaint to him that he had been hit or mistreated by anyone. Detectives Montgomery and Clements were not called to the stand.

We have repeatedly held that the burden is upon the State

to show that a confession offered in evidence is a voluntary act of the accused and not a product of force or threats. *Combs v. State,* 237 Md. 428. *Bean v. State,* 234 Md. 432, 199 A. 2d 773 (1964) ; *Abbott v. State,* 231 Md. 462, 465, 190 A. 2d 797 (1963) ; *Jackson v. State,* 209 Md. 390, 394-95, 121 A. 2d 242 (1956). The testimony of the appellant that he was physically mistreated by the two detectives was uncontradicted by either of the persons named. The fact that Sergeant Salter testified he did not observe any marks upon the appellant and that the appellant made no complaint to him when the Seregant returned to the room is not of itself sufficient, in our opinion, to rebut the appellant's testimony. Neither of the detectives accused by the appellant of mistreating him was called to the stand by the State. See *Jackson v. State, supra,* 209 Md. at 395, and *Bagley v. State,* 232 Md. 86, 93-94, 192 A. 2d 53 (1963).

Under these circumstances, we hold that the State did not meet its burden of showing the voluntary character of the appellant's incriminating statements. The admission into evidence of these statements, which were incriminatory as to both indictments, requires reversal of the convictions.

### III

We hold also that there was not sufficient evidence to sustain the appellant's conviction under the second count of the indictment in trial #5033, in that the State did not sustain its burden of proving that the fair value of the stolen television set was $100 or more. The only evidence offered by the State, as to the value of the stolen set, was that of its owner, Mrs. Spooner, who testified that the set had been purchased for $172 in 1960. She testified that, if she had sold it to a dealer, she probably would not have received much for it but that it was worth as much to her at the time it was stolen as she paid for it. The set had gone out of order a week or two before it was stolen ; she could not get a picture on it.

An owner of personal property in common use may express an opinion as to its value without qualification as an expert. *Cofflin v. State,* 230 Md. 139, 142-144, 186 A. 2d 216 (1962). However, under a count for grand larceny based on Code (1957), Article 27, Section 340, the State has the burden of

showing that the article taken had a value of $100 or more. The test is market value. *Lauder v. State,* 233 Md. 142, 195 A. 2d 610 (1963). The article here in question had been purchased some three and one-half years before the theft and needed repairs at the time it was stolen. The value put upon it by its owner was admittedly not based on market value and, in view of the circumstances, was of itself not sufficient to sustain the burden of proof imposed upon the State.

We find, therefore, that the lower court was clearly in error in finding the evidence sufficient to convict on this count. Maryland Rule 886 a. *Kucharczyk v. State,* 235 Md. 334, 337, 201 A. 2d 683 (1964).

## IV

While the appellant was not represented by counsel at the preliminary hearing, he was not required to and did not plead at that hearing. The only action there involved was to bind him over to the Grand Jury. Under these circumstances, the preliminary hearing was not a critical stage of the proceedings and the appellant was deprived of no constitutional right. *Simms v. Warden,* 234 Md. 652, 200 A. 2d 149 (1964) ; *Lumpkin v. Director,* 233 Md. 606, 195 A. 2d 592 (1963) ; *Arrington v. Warden,* 232 Md. 672, 195 A. 2d 38 (1963).

## V

The appellant contends that there was a fatal inconsistency in the action of the trial court in holding him not guilty under the second count of trial #5034 (grand larceny) while holding him guilty under the first count (breaking with intent to steal property of a value of $100 or more). As we have held, on a charge of grand larceny the State must prove the value of the stolen article to be $100 or in excess thereof. However, on a charge of breaking with intent to steal goods of a designated value, it is only necessary to sustain a conviction that the evidence permits the trier of facts reasonably to infer that the accused intended to take goods of that value or more. *Holtman v. State,* 219 Md. 512, 517, 150 A. 2d 223 (1939). The amount or value of what is intended to be stolen is often a matter of inference. *Putnam v. State,* 234 Md. 537, 546, 200 A. 2d 59 (1964). Judge Parker found that the appellant had the inten-

tion to get everything that he possibly could. "He more or less specialized in television sets, but if it was worth $200.00 he would certainly take it * * *"

In view of our disposition of this appeal, we do not reach other contentions raised by the appellant relating to incidents in the conduct of the trial.

> *Judgments reversed and cases remanded for new trials; costs to be paid by the County Commissioners of Prince George's County.*