Charles **ARMWOOD**

v.

**Vernon L. PEPERSACK, Warden.**

**Civ. A. No. 15379.**

United States District Court
D. Maryland.

July 22, 1965.

John D. Alexander, Jr., Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen., and Robert F. Sweeney, Asst. Atty. Gen., for the State of Maryland, for respondent.

WATKINS, District Judge.

Petitioner, a Maryland State prisoner, seeks in this court the issuance of a writ of habeas corpus. On November 21, 1961 he was charged in a six-count indictment with violation of the narcotics laws of Maryland. The first three counts charged him respectively with possession of a narcotic drug, having a narcotic drug under his control, and possession of narcotic paraphernalia and the last three counts charged him with these violations as a second offender, based upon a previous 1957 conviction under the narcotics laws of Maryland. Prior to trial petitioner, represented by counsel of his own choosing, entered pleas of not guilty to all counts and filed a motion to suppress evidence on the ground that a search of his apartment and the resulting seizure of narcotic drugs and paraphernalia were illegal because no search warrant had been obtained nor had petitioner consented to the warrantless search and seizure. In 1961, the offenses with which petitioner was charged were misdemeanors thus allowing petitioner to make and to preserve his illegal search and seizure point. In addition, the offenses with which petitioner was charged were committed some four months after the decision of the Supreme Court of the United States in Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. The trial court reserved ruling on the motion pending the hearing of the testimony and petitioner went to trial before Judge Joseph L. Carter of the Supreme Bench of Baltimore City—sitting without a jury. At the conclusion of the testimony, the motion to suppress was denied as was also a motion for a directed verdict. The court found petitioner guilty on the possession count and on the corresponding second offender count and sentenced petitioner to a total of ten years in the

Maryland Penitentiary dating from the day of his original arrest.

Petitioner, represented by court appointed counsel, next appealed directly to the Court of Appeals of Maryland alleging error in the lower court's denial of the motion to suppress evidence and alleging the insufficiency of the evidence to support his conviction of the possession of narcotics. The Court of Appeals of Maryland affirmed the lower court. (Armwood v. State, 1962, 229 Md. 565, 185 A.2d 357). Petitioner, represented by counsel furnished by the American Civil Liberties Union, then sought to apply for a writ of certiorari to the Supreme Court of the United States but his petition was not timely filed and his application for extension of the time within which to file his petition was denied. Petitioner did not thereafter file any petitions for a writ of habeas corpus or for any other post conviction relief in the state courts.

Rather than seek further state relief, petitioner filed a petition pro se in this court seeking federal habeas corpus relief. Petitioner alleged the following three grounds of complaint:

1. "Appellant was arrested prior to the search and away from his premises, the search was unlawful.

2. "The State failed to prove that defendant voluntarily waived his Fourth Amendment privilege and consented to a search of his dwelling.

3. "The evidence was insufficient to convict Appellant of possession of narcotics."

An order to show cause was issued to the respondent. Upon receipt of the answer to the show cause order filed by the Attorney General of the State of Maryland on behalf of the respondent, the court appointed as counsel to represent petitioner the court appointed counsel who had so ably, although unsuccessfully, represented petitioner in his direct appeal to the Court of Appeals of Maryland. Counsel subsequently filed an amended petition for a writ of habeas corpus in which counsel stated petitioner's position as follows:

1. "His conviction was based upon admissions made by him and chattels obtained during a search of his premises all of which were proximately caused by his arrest in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

2. "The State failed to justify the conduct of its law enforcement officers and did not establish by clear and convincing proof that petitioner consented to an invasion of or waived his Fourth, Fifth and Fourteenth Amendment privileges and immunities and the State failed to establish that such consent or waiver was free and voluntary and not the result of duress or coercion, actual or implied.

3. "The State lower and appellate Courts applied the wrong test and burden of proof in determining whether petitioner consented to an invasion of his Fourth, Fifth and Fourteenth Amendment privileges.

4. "Prisoner's conviction was obtained as a result of suppressed and perjured testimony withheld by and offered on the part of law enforcement officers of the State."

The Attorney General of the State of Maryland, on behalf of the respondent, filed an amended answer to the amended petition denying and traversing each and every allegation of said amended petition and affirmatively contending that said petition on its face showed a failure to exhaust existing state remedies. It is clear that issue No. 4 quoted above has never been presented to the state courts for an initial consideration and determination. As to issues 1, 2 and 3, quoted above, all three are but facets of the illegal search and seizure issue previously raised at the time of petitioner's original criminal trial and on direct appeal from his conviction. However, the factual record which counsel for petitioner proposes

to make in this court to support these bare allegations is an entirely different one from the record before the state trial court and before the Court of Appeals of Maryland. During the course of petitioner's original criminal trial the officers who conducted the search and seizure took the stand and testified that petitioner had consented to the search and seizure herein involved. This testimony was not contradicted as petitioner chose not to testify in his own behalf. On Appeal the Court of Appeals of Maryland specifically noted that the officers' testimony stood uncontroverted. (Armwood v. State, 1962, 229 Md. 565, 568, 185 A.2d 357). Prior to the hearing set in this court on the allegations of the amended petition, counsel for petitioner proposed the following procedure:

"The parties have agreed, subject to the Court's approval, that at the hearing before the Court on Thursday, January 7, 1965, counsel for both parties will argue the consent to search and seizure questions referred to as paragraphs 7(a) and (c) in the Amended Petition for Writ of Habeas Corpus on the record as presented to the Court of Appeals of Maryland. Counsel for Petitioner reserves the right, if necessary, to present evidence in the future on these questions and on the issue of suppressed and perjured trial testimony raised by paragraph 7(d) of the Amended Petition for Writ of Habeas Corpus."

At the day of the hearing, the court advised counsel for both sides that it was willing to determine the consent issue either on the record as made at the time of the original criminal trial and as presented to the Maryland Court of Appeals or after a full and new evidentiary hearing in this court; but it would not do both as proposed by counsel for petitioner. Counsel for petitioner chose to submit the consent issue as a matter of fact after a plenary evidentiary hearing. The court stated quite frankly the difficulty that it had, and has, with the concept that a petitioner has

fully exhausted his state remedies when he proposes to offer, and to rely upon to establish his right to relief, evidence never presented to the Maryland courts for consideration and a determination thereupon. Somewhat reluctantly but because of factors peculiar to the instant case the court decided not to require an exhaustion of State remedies prior to the seeking of relief in this court.

Counsel for petitioner then suggested to the court that not as a matter of fact but as a matter of law a consent to a search and seizure given substantially contemporaneously with an illegal arrest cannot be valid. As it appeared that no evidentiary hearing would be required if the legal position of counsel for petitioner were correct, petitioner's counsel requested, and received, permission to file a supplemental memorandum in support of his proposition.

Counsel for petitioner, in his supplemental memorandum, after stating the issue to be briefed as being "a consent to a search and seizure substantially contemporaneously with an unconstitutional arrest is invalid as a matter of law" then goes on to state that petitioner "submits for his Supplemental Memorandum authorities in support of the proposition that, as a matter of law, *on the evidence presented by the State at trial*, Petitioner's conduct, at very best, constituted submission to authority rather than free and voluntary consent." (Emphasis supplied).

Thus it may be seen at the very outset that counsel for the petitioner is seeking to have the court rule on the consent issue on the basis of the factual record made in and presented to the state courts, a procedure which the court has already stated it will not adopt if in the event of a ruling adverse to him petitioner reserves the right thereafter to present further evidence on the consent issue. Counsel for the respondent likewise invites the court to engage in factual determinations by arguing that the record in the state courts shows that petitioner was not illegally arrested. But this is the specific fact which has been assumed

to be true for the purposes of the consideration of the issue of consent as a matter of law.

Accordingly, the court for the reasons previously stated will consider no issue of fact and will turn to the cases relied upon by the petitioner to see if they are authority for the proposition that a consent substantially instantaneous to an illegal arrest as a matter of law cannot be voluntary and hence valid. Petitioner relies on the Supreme Court cases of Silverthorne Lumber Company v. United States, 1920, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Amos v. United States, 1921, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; Malloy v. Hogan, 1964, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. In Silverthorne there was no contention that consent, valid or invalid, had been given to the illegal search and seizure therein involved. In Amos, the Supreme Court held "[I]t is perfectly clear that under the implied coercion here presented, no such waiver was intended or effected." (255 U.S. 313, 317, 41 S.Ct. 266, 268). This is not to say that as a matter of law a valid waiver can never be effected. In Johnson, the Supreme Court found that entry into defendant's living quarters, having been demanded under color of office, was granted in submission to authority rather than as an understanding and intentional waiver of a constitutional right. The case does not negate but rather recognizes the possibility, in a different situation, of an understanding and intentional waiver or valid consent. In Mapp, rather than a consent the facts showed an expressed refusal to admit police officers without a search warrant and a subsequent entry by the officers through forcibly opening at least one of the several doors to defendant's home. It was the fact that the state admitted that the search was made without authority and was illegal that caused the Supreme Court to consider again the admissibility of evidence gained by an illegal search and seizure in a state court criminal prosecution. The Malloy case dealing with the question of whether or not the privilege against self incrimination is safeguarded against state action by the Fourteenth Amendment would seem to be of no help on the legal issue involved in the instant case, that is, the voluntary nature of an alleged consent.

■ Nor do the decisions by the United States Court of Appeals for the various circuits support petitioner's position. The Fifth Circuit has recognized that a valid consent may exist in the following language:

\* \* \* \* \* \*

"We think it will not do to say under the circumstances disclosed by this record, that there was a real volition in appellant's taking the officers to his home and revealing its contents to them. The consent which opens the doors of a private home to official search and seizure cannot be deemed voluntary unless it be made clearly to appear that it was freely and intelligently given, not expressly or impliedly coerced." (Ray v. United States, 5 Cir. 1936, 84 F.2d 654, 656).

The Court of Appeals for the District of Columbia has framed the question as being—"[i]n the case at bar, do the circumstances justify the finding of consent? "—and has required that "[b]efore a court holds that a defendant has waived his protection under the Fourth Amendment 'there must be convincing evidence to that effect.'" (Judd v. United States, 1951, 89 U.S.App.D.C. 64, 190 F.2d 649, 651, 652). Later in Higgins v. United States, 1954, 93 U.S.App.D.C. 340, 209 F.2d 819, 820, the Court of Appeals for the District of Columbia reaffirmed its position that the matter of valid consent is inherently a factual issue noting that "[w]ords or acts that would show consent in some circumstances do not show it in others." The Ninth Circuit relying upon the Judd case and the Higgins case has recognized that "[a] search and seizure may be made without a search warrant if the individual

freely and intelligently gives his un-equivocal and specific consent to the search, uncontaminated by any duress or coercion, actual or implied. The Government has the burden of proving by clear and positive evidence that such consent was given." (Channel v. United States, 9 Cir. 1960, 285 F.2d 217, 219–220). Finally, in Pekar v. United States, 5 Cir. 1963, 315 F.2d 319, the Fifth Circuit reaffirmed its earlier position in the Ray case and clearly considered as a factual matter whether or not a valid consent had been given. To summarize, none of the cases relied upon by petitioner is authority for the proposition that a valid consent to a search and seizure without a search warrant cannot, as a matter of law, be given when such consent is substantially instantaneous to an illegal arrest or other police activity under color of authority.

While it is true that in a number of the cited cases the appellate court reversed the lower court's finding of consent thus ruling as a matter of law that the facts before the lower court were insufficient to support a factual finding of consent, this is not to say that the matter of consent is solely a question of law and does not involve a factual determination. Indeed, in the recent decision in Hall v. Warden, Maryland Penitentiary, 4 Cir. 1963, 313 F.2d 483, 497–498, cert. den. Pepersack v. Hall, 1963, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032, the dissents of Circuit Judge, now Chief Judge, Clement F. Haynsworth, Jr. and of Circuit Judge Albert B. Bryan point up the basically factual nature of the issue of consent. The majority of the court, sitting en banc, found as a matter of law that the evidence before the lower court was not sufficient to support that court's finding of a valid consent. Judge Haynsworth in dissenting found the evidence before the lower court substantial enough to support a finding of consent and commented "[i]f the District Judge might have found the facts the other way, it is not for us to intrude upon the fact-finder's preroga-tive to determine which of two permissible, but conflicting, inferences is the more reasonable." Judge Bryan in his dissent stated that the evidence clearly established a consent to the search.

This court itself within the last few months has had occasion in a proceeding where petitioner was seeking federal habeas corpus relief to review a number of the cases dealing with the problem of consent. This court concluded that the rationale behind the Hall case and other cases relied upon by the petitioner therein such as Channel v. United States, 9 Cir. 1960, 285 F.2d 217; Catalanotte v. United States, 6 Cir. 1935, 208 F.2d 264; United States v. Rutheiser, D.C.S.D.N.Y.1962, 203 F.Supp. 891; and United States v. Kowal, D.C.D.R.I. 1961, 197 F.Supp. 401, was succinctly stated in Judd v. United States, 1951, 89 U.S.App.D.C. 64, 190 F.2d 649, 651:

> "This burden on the Government [to show consent] is particularly heavy in cases where the individual is under arrest. Non-resistance to the orders or suggestions of the police is not infrequent in such a situation; true consent, free of fear or pressure, is not so readily to be found. United States v. Novero, D.C., 58 F.Supp. 275; United States v. McCunn, D.C.S.D.N.Y.1930, 40 F. 2d 295. In fact, the circumstances of the defendant's plight may be such as to make any claim of actual consent 'not in accordance with human experience', and explainable only on the basis of 'physical or moral compulsion'. Ray v. United States, 5 Cir., 84 F.2d 654, 656."

The court accordingly treated the issue of consent as a purely factual one and stated the question before it to be— why but for compulsion would one consent to a search for and seizure of criminal articles. Because of various factors and circumstances spelled out in the opinion rendered in that case (Rice v. Warden, Maryland State Penitentiary, D.C.D.Md.1964, 237 F.Supp. 463), the

court concluded that as a matter of fact petitioner had given a voluntary consent to the search and seizure of which he subsequently complained. Although it is true that in the Rice case this court found that petitioner's arrest was valid, the search and seizure were not incident thereto and, therefore, depended for their validity upon a voluntary consent. Where the voluntary nature of the alleged consent is attacked, the court sees no reason to distinguish as a matter of law between the express or implied "coercive" effect of an illegal arrest, a legal arrest or police action not amounting to arrest but under color of authority. The Rice case was appealed. The United States Court of Appeals for the Fourth Circuit, in an unpublished Memorandum Order, affirmed this court stating "The evidence clearly supports the finding that Rice assented to the warrantless search, or searches and the seizure of the items produced thereby." (Rice v. Warden, Maryland State, 4 Cir. 1965, No. 10,112). Were the instant petitioner's position correct, the United States Court of Appeals for the Fourth Circuit would have overruled the finding of this court on the ground that the coercive effect of an arrest followed by a warrantless search and seizure not incident to said arrest precludes as a matter of law the possibility of a valid, voluntary consent. This the Fourth Circuit did not do. It clearly considered the issue a factual one.

█ Accordingly, this court concludes that petitioner's position that a consent to a search and seizure substantially contemporaneous with an unconstitutional arrest is invalid as a matter of law is without merit.

The petition for a writ of habeas corpus, as a matter of law, is hereby denied, without prejudice to the instant proceedings remaining on the docket for a consideration and determination of the issue of consent as a matter of fact.

The petition should be set down for a full evidentiary hearing at the earliest date agreeable to both sides or should, in the alternative, at the choice of the petitioner be submitted to the court for a final determination on the basis of the record as made at the time of the original criminal trial and as presented on direct appeal to the Court of Appeals of Maryland.