**Thomas Johnson SEAY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 23869.

United States Court of Appeals
Fifth Circuit.

June 26, 1967.

Rehearing Denied Oct. 11, 1967.

Albert Sidney Johnston, Jr., Biloxi, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

PER CURIAM.

Convicted by a jury on an indictment containing three counts charging him with (1) the custody or possession of an unregistered distillery; (2) engaging in the business of a distiller without bond, and (3) making and fermenting a large quantity of mash in violation of the Internal Revenue Laws of the United States relating to liquor, appellant contends that the trial court erred in concluding that his arrest without a warrant and the ensuing search of his premises were inoffensive to settled legal principles and in instructions to the jury on aiding and abetting.

While appellant was operating under lease a restaurant near Moss Point, Mississippi, a water line, requiring the excavation of a small ditch, was laid across a driveway to the rear of the restaurant. Its installation extended over a period of several days and was observed by appellant. It led to a faucet some twenty-five feet behind the restaurant and furnished water by means of a hose to a still located at a distance of several hundred feet. When discovered by the arresting officers the still was found to contain 2100 gallons of fermenting mash. While it was not located on premises under his control, its only available source of fresh water was the water line from the appellant's restaurant.

Armed with the foregoing facts, the statement by appellant that he paid the water bills, and information supplied by an undercover agent who had worked in the restaurant as a short-order cook that while the water line was being laid appellant was present at the rear of a truck containing several barrels from which there emanated a distinct odor of mash, the A.T.T.D. agents arrested him without a warrant.

Following such arrest, at the request of the agents and without objection, appellant unlocked the restaurant with a key procured from his trailer home. Therein was found a notebook containing entries of substantial quantities of sugar and grain and denoting appellant's receipt of "84 gallons" and "30 gallons".

Since the still was located on premises neither owned by nor in the possession or under the control of appellant, he has no standing to complain that its discovery was the fruit of an un-

lawful search. Parr v. United States, 255 F.2d 86 (5th Cir. 1958). The totality of the circumstances justified his arrest without a warrant under the teaching of Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

Appellant fares no better with respect to his contention that the entry into and inspection of his restaurant violated his right of privacy protected by the fourth amendment. The search of premises under his immediate control was justified either as an incident to his lawful arrest, Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1946), or because he voluntarily assented thereto, Robinson v. United States, 325 F.2d 880 (5th Cir. 1964).

A careful reading of the trial court's charge on aiding and abetting leaves us with the firm conviction that it was free from error. The judgment of the trial court is due to be and is

Affirmed.