**STATE of Iowa, Appellee,**

v.

**Larry Eugene SMITH, Appellant.**

**No. 56451.**

Supreme Court of Iowa.

April 24, 1974.

John A. Bowman, Bettendorf, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal turns on the admissibility of physical evidence obtained by search. We make our own evaluation of the validity of the search by examining all the circumstances shown in evidence. State v. Thomas, 205 N.W.2d 717 (Iowa). We have studied the trial proceedings and the transcript of a pretrial hearing which was held. Defendant endeavored to impeach the testimony of the officers involved, but after considering the evidence we arrive at the same conclusion reached by the trial court.

Prior to the present events, a number of burglaries occurred in the vicinity of Northlawn and Washington Streets in Davenport, Iowa. On the evening of April 7, 1972, the Davenport police dispatcher radioed officers Thomas Schultz and James E. Reistroffer regarding a citizen report of a suspicious car in that vicinity with two individuals "supposed to be in the car or around the area." The dispatcher furnished the license number of the car. The officers drove to the site and saw the car, which was unoccupied, and ascertained by a license-number check that the car belonged to Vicki Smith in Illinois, later learned to be the wife of defendant Larry

Eugene Smith. The citizen who made the report came to the officers and told them the car has been parked there awhile and the occupants had gotten out of it. The officers looked around the area but did not find anyone. They then drove into an alley and kept the car under observation.

Shortly two men came running from the west. One, who turned out to be defendant, was carrying something. The men entered the car and departed in haste, with defendant driving. The officers followed.

Soon afterward the man on the passenger side turned around and looked back at the officers. He then moved his head and shoulders below the dashboard and bent down several times.

The officers turned on their red light, the car ahead drove to the side and stopped, the officers stopped at the rear, and defendant jumped out of the car and walked back toward the police car. The officers got out and walked forward. Officer Schultz asked defendant if he could see defendant's driver's license, whereupon defendant produced an Illinois license. The other man was Terry Lee Lamp.

Officer Schultz asked defendant if the officers could search the car. Defendant said they could and unlocked the trunk of the car for them. The trunk contained nothing unusual. Officer Reistroffer went forward and from the outside of the car shone his flashlight into the front and back of the car. He observed several items, including a money bank and some silver dollars, half underneath the seat and half out on the floor. The officers then opened and searched the car, discovering a new watch, a very heavy box which contained silver dollars, two money banks containing coins and paper currency, a screwdriver, a glove, and other articles.

The officers radioed the dispatcher, who told them a breaking and entering had occurred in the area where the car had been parked. The officers thereupon placed defendant and Lamp under arrest, had them place their hands on the hood of the car, and searched them. Defendant had a glove matching the one found in the car and Lamp had a quantity of half-dollars in his shirt pocket.

The county attorney subsequently charged defendant with burglary. Defendant pleaded not guilty and moved to suppress the physical evidence discovered in the search. After hearing, the trial court overruled the motion. At trial, the individual whose house had been burglarized identified the physical evidence. Defendant objected to that evidence as illegally seized, but the trial court overruled the objection. The jury convicted defendant, the trial court sentenced him, and he appealed.

I. The physical evidence in question consisted of the articles taken from the car and the articles taken from the person. The search of the car and the articles found in it led to the search of the person and the articles found on the men. The State contends on three bases that the search of the car was lawful: Smith consented to the search, the officers had probable cause to search, and the articles were in plain view.

We need go no further than the first basis urged by the State. The State established by clear and convincing evidence that Smith consented to the search of the car. State v. Baych, 169 N.W.2d 578 (Iowa); State v. Moore, 261 Iowa 1100, 156 N.W.2d 890.

II. Defendant asserts that the officers' act of stopping him constituted an arrest, that such arrest was illegal because without probable cause, that the search of the car and of the person which followed were incident to the initial illegal arrest, and that the items found in the search were, therefore, inadmissible as fruit of the poisonous tree.

Let us assume arguendo that the officers' stopping the car itself constituted an arrest and that such arrest was without

probable cause. The search of the car was not based on that *arrest*. The search of the car was based on *consent* and was lawful on that basis. Cf. State v. King, 191 N.W.2d 650 (Iowa) (reverse situation—search predicated on probable cause rather than consent); State v. Simmons, 195 N.W.2d 723 (Iowa). The search of the person which followed was incident to the lawful search of the car. We need not say, therefore, when defendant first came "under arrest." Neither need we decide whether, under the other circumstances here, the officers could lawfully have arrested and searched the men had the search of the car not occurred.

Nonetheless, the circumstances under which defendant consented to the car search are important in determining whether his consent was voluntary in fact. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. After examining the evidence, we agree with the trial court that it was. For cases on voluntariness in consent searches under various circumstances, see State v. Gates, 260 Iowa 772, 150 N.W.2d 617; United States ex rel. Anderson v. Rundle, 274 F.Supp. 364 (E.D.Pa.); Armwood v. Pepersack, 244 F.Supp. 469 (D.Md.); Mead v. State, 42 Ala.App. 338, 164 So.2d 505; People v. Nawrocki, 6 Mich.App. 46, 148 N.W.2d 211, 150 N.W.2d 516. See also United States v. Rothberg, 460 F.2d 223 (2 Cir.); United States v. Jordan, 399 F.2d 610 (2 Cir.); Seay v. United States, 380 F.2d 358 (5 Cir.); United States ex rel. Gockley v. Myers, 378 F.2d 398 (3 Cir.); Hughes v. United States, 377 F.2d 515 (9 Cir.); Rogers v. United States, 369 F.2d 944 (10 Cir.); People v. McClean, 56 Cal.2d 660, 16 Cal.Rptr. 347, 365 P.2d 403; State v. Frisby, 245 A.2d 786 (Del.Super.); James v. State, 80 So.2d 699 (Fla.); People v. Trent, 85 Ill.App.2d 157, 228 N.E.2d 535; State v. Ward, 199 Kan. 23, 427 P.2d 586; Bradley v. Commonwealth, 439 S.W.2d 61 (Ky.); Payne v. State, 207 Md. 51, 113 A.2d 93; State v. Foster, 349 S.W.2d 922 (Mo.); State v. King, 44 N.J. 346, 209 A.2d 110; State v. Herring, 77 N.M. 232, 421 P.2d 767; State v. Belk, 268 N.C. 320, 150 S.E.2d 481; Jones v. State, 49 Okl.Cr. 318, 294 P. 210; Weatherly v. State, 477 S.W.2d 572 (Tex.Cr.App.).

The trial court properly admitted the physical evidence.

Affirmed.