## CUMBERLAND *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 62, September Term, 1960.]

*Decided June 19, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Despite the countless and myriad ramifications that have been evolved and advanced by persons requesting relief from incarceration for criminal offenses, this application for leave to appeal under the P.C.P.A., Code (1960 Cum. Supp.), Article 27, Sections 645A-645J, has unusual aspects.

The applicant pleaded guilty to burglary before Judge Gontrum in the Circuit Court for Baltimore County on January

16, 1959, and was thereafter sentenced, according to the docket entries, to the Penitentiary for an indeterminate time, not to exceed ten years.

On December 3, 1959, he filed a petition for relief under the P.C.P.A., on the ground that his commitment did not designate his sentence as indeterminate. He was represented by court-appointed counsel at his hearing on April 25, 1960, before Judge Raine, who determined that the applicant's sentence was illegal,[1] and he was empowered, by the Code, Article 27, Section 645A (a) and Maryland Rule 744 a, to correct the same (Judge Gontrum, in the meantime, having been retired). Judge Raine, after interrogating the applicant concerning the nature of the crime that he had committed and his background, and considering his prior bad criminal record, ordered the illegal sentence to be stricken out, and he resentenced the applicant to nine years in the Penitentiary. No request to appeal from this order was made until the present application for leave to appeal was filed on January 27, 1961.

Thereafter, a petition for a writ of *habeas corpus* was filed in the Circuit Court for Montgomery County, which was denied. The proceedings on that petition are not included in the record.

On August 8, 1960, a second petition under the P.C.P.A. was filed (the applicant claims it was filed on July 6, 1960). The State's Attorney's answer was filed on December 7, 1960. This petition alleged that the nine-year sentence imposed by Judge Raine was an illegal sentence that attempted to correct an illegal sentence, because (1) "it is in direct contrast to the sentence imposed by the court," and (2) it was greater than the original sentence, since he would no longer be entitled to "good time" and "industrial time," and therefore be required to remain in jail longer than under the ten-year sentence (a claim that has no foundation in fact).

---

1. Although the legislature is authorized, by Article III, Section 60, of the Constitution, to provide for indeterminate sentences in criminal cases, it has made no provision for such sentences to the Penitentiary.

Before a hearing was held on this second petition, the applicant filed a petition for a writ of *habeas corpus* in which he recited that he had previously filed his petition under the P.C.P.A., but, in order that he might obtain relief by way of a writ of *habeas corpus* in the federal courts after exhausting his state remedies, he desired this petition "to supersede the petition filed in Post Conviction on July 6, 1960 [actually filed August 8, 1960]." Judge Turnbull, on January 20, 1961, denied this petition on the ground that the applicant had already had one Post Conviction hearing and one *habeas corpus* hearing.

The petitioner now seeks to appeal in all three of these proceedings.

Petition filed December 3, 1959.

No. 2149

Judge Raine's final disposition of this case was on April 25, 1960. The instant application for leave to appeal was filed some nine months thereafter. Obviously it comes too late. Article 27, Section 645-I.

Petition Dated July 6, 1960
Filed August 8, 1960.

No. 2266

The precise grounds on which this application to appeal is based are hopelessly vague and indefinite. However, there are many reasons why the application should be denied. It will only be necessary to mention one.

The P.C.P.A. permits an application for leave to appeal from an "order of the court or judge." Article 27, Section 645-I. Since no hearing was held on this petition nor any order passed with respect thereto, there is no order to appeal from and nothing is before us for determination.

Petition for a Writ of *Habeas Corpus*.

This Court may no longer entertain an appeal from the denial of a petition for a writ of *habeas corpus*. Article 27, Section 645A (b).

*Application denied.*