PINELAND LUMBER COMPANY, INC. ET AL. *v.* MILES

[No. 288, September Term, 1961.]

*Decided May 11, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Alfred M. Porth,* with whom were *William W. Travers, Robert E. Cadigan, Webb & Travers* and *Smith, Somerville & Case* on the brief, for the appellants.

No brief and no appearance for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from the judgment of the Circuit Court for Wicomico County affirming the order of the Workmen's Compensation Commission dated June 29, 1961, whereby the employer and insurer were directed to pay compensation for additional temporary total disability from December 7, 1960, to April 1, 1961, inclusive.

The sole question involved is whether the claimant is entitled to receive compensation for temporary total disability pursuant to Code (1951), Article 101, § 35 (2), amended by Chapter 49 of the Acts of 1954, for a period more than six calendar years from the date of the injury, or does the six year limitation period of § 35 (2) refer to six disability years.

Ogie Francis Miles, claimant and appellee herein, an employee of Kenneth P. Austin, trading as Pineland Lumber Company, sustained an accidental injury arising out of and in the course of his employment on December 15, 1954. At that time one of the appellants, Nationwide Mutual Insurance

Company (formerly Farm Bureau Mutual Automobile Insurance Company), was the compensation insurer of the employer. Thereafter Austin incorporated the business, which was formerly operated by him as an individual but which is now known as Pineland Lumber Company, Inc., the other appellant, which took over the assets of the business and assumed its liabilities. Pursuant to orders of the Workmen's Compensation Commission, Nationwide paid various awards for temporary total disability from time to time to the claimant for the injuries sustained, from December 20, 1954 until June 12, 1960.

The appellee's right to additional compensation for temporary total disability, if any, stems from the Act as it stood in 1954, when he was injured. *A. G. Crunkleton v. Barkdoll,* 227 Md. 364, 370, 177 A. 2d 252. Specifically Code (1951) Article 101, § 35 (2), amended by Chapter 49, Acts of 1954, (now Code (1961 Cum. Supp.) Article 101, § 36 (2)) read as follows:

"(2) (Temporary Total Disability.) In case of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not to exceed a maximum of Thirty-five Dollars per week, and not less than a minimum of Fifteen Dollars per week, unless the employee's established weekly wages are less than Fifteen Dollars per week at the time of the injury, in which event he shall receive compensation equal to his full wages; *but in no case to continue more than six years from the date of the injury* or to exceed Five Thousand Dollars in the aggregate. Nothing in this Act shall be construed or applied to affect or change the law as to any such injury or strain which occurred prior to the effective date of this Act." (Italics supplied.)

The Workmen's Compensation Commission and the court below construed the phrase "but in no case to continue more than six years from the date of the injury" to mean six benefit or disability years rather than six calendar years from the

date of the injury. We have not been referred to any case in this state construing this section as it relates to the question before us, nor have we found any. However, in the case of *Raven Red Ash Coal Corp. v. Absher* (Va.), 149 S. E. 541, the language of the limitations provisions of the Virginia Workmen's Compensation law, therein construed, was almost identical to § 35 (2) *supra*. That court, in reversing an award by the Virginia Industrial Commission, held that the act permitted recovery only for a period of 300 weeks from the date of injury, regardless of an intervening period when the employee appeared to have recovered and during which no payments were made. The court went on to say:

> "Uncertainty and confusion would follow if the judgment were upheld. Indeed, it would be difficult to say when liability would end. If a man was totally disabled temporarily, and on account thereof was paid compensation for a year, and then apparently made a complete recovery, he might 40 years afterwards, if partial disability developed from his original injury, again successfully appeal for relief. Such a liability, so remote in point of time, should not readily be enforced, unless the statute makes it clear."

The Virginia court cited the case of *Johnson v. Iverson* (Minn.), 221 N. W. 65, where it was said that the 300 weeks period for which compensation was allowed commenced one week after injury and it could not be extended by temporary interruptions during which no compensation was owing or awarded.

Schneider in his treatise on Workmen's Compensation law, states in Section 2324, at page 584:

> "*Regardless of any intervening period during which a claimant may have worked and during which no payments of compensation were made,* the claimant may recover only for and during the maximum period of compensation following injury." (Italics supplied),

citing numerous cases.

The cardinal rule of statutory interpretation is that the in-

tent of the legislature is to be sought in the first instance from the words used in the statute, and where there is no ambiguity or obscurity in the statute, the words used are conclusively presumed to embody the meaning of the legislature in enacting the statute. *Board of Sup'rs v. Weiss,* 217 Md. 133, 141 A. 2d 734; *McKeon v. State, Use of Conrad,* 211 Md. 437, 127 A. 2d 635; *State Tax Comm. v. C. & P. Tel. Co.,* 193 Md. 222, 66 A. 2d 477; *Celanese Corp. v. Davis,* 186 Md. 463, 47 A. 2d 379.

We think it is clear that the primary legislative intent was to limit and fix a maximum time within which a compensation award for temporary total disability was to extend. That period commenced with the "date of the injury" and had a duration of "six years." If otherwise, as ruled by the commission and the court below, uncertainty and confusion would ensue. It is not to be presumed that the above quoted words were used for no purpose and mean nothing in the statute. Consequently, we hold that the temporary interruptions or "time out" within the six year period in no way tolled the maximum time provided in the statute so as to extend it beyond the six year limitation. We must, therefore, reverse the judgment of the lower court.

*Judgment reversed, with costs.*