KUCHARCZYK *v.* STATE

[No. 340, September Term, 1963.]

*Decided June 23, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Herbert J. Hirsch* for appellant.

*Roger D. Redden, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Stanley A. Cohen, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Stanley Kucharczyk, was found guilty after a non-jury trial in the Criminal Court of Baltimore under both counts of an indictment which charged the commission of an unnatural and perverted sex act in the first count and assault and battery in the second. A motion for a new trial was granted as to the first count and denied as to the second count. The State then stetted the first count and the appellant was sentenced to serve eight years in the penitentiary on the assault and battery charge. He appeals, claiming, first, that the trial court committed reversible error in connection with its ruling that the prosecuting witness was competent to testify, and, second, that the evidence was legally insufficient to support the conviction for assault and battery.

The prosecuting witness was a mentally deficient 16-year old boy. According to a psychologist called by the State, the boy had a full scale I.Q. of 56, but could understand the nature of an oath and would be able to tell the truth. The defense produced a psychologist who stated that the boy did not have the ability to testify, but a preliminary ruling by the trial judge that the boy was competent to testify (made before the defense psychologist appeared and testified), was not modified.

On direct examination the prosecuting witness testified that on February 14, 1963, he mistakenly boarded the wrong bus after school, and when he finally alighted found himself a considerable distance from his home. Going into a public lavatory, he encountered the appellant who produced a bottle of wine and gave him two drinks. In response to the question, "what happened after he gave you the two drinks of wine?", the boy replied, "that is all that happened." The boy was asked to repeat his answer and he again stated, "that is all that happened." After an interval during which a wine bottle was introduced for identification, the Assistant State's Attorney again asked, "what happened after he gave you two drinks of wine?" This time the boy replied that the appellant had exposed his privates and tried to pull the boy "close to" him. The boy then testified that the appellant attempted to commit what would constitute buggery, but was thwarted when the boy would not take his pants down. According to the boy's direct testimony, he and the appellant then left the lavatory and the appellant took him to a nearby garage. The boy testified that in the garage, the appellant grabbed him around his head and pulled his face down to the appellant's privates, and later got the boy to pull his trousers down and lie beside him. According to the boy, he and the appellant then walked to the boy's home where the appellant left him after commenting to the boy's mother, "that is my girl."

On cross examination the boy testified that the manager of the lavatory and another man were in the comfort station and observed the appellant's alleged attempt to commit buggery, but, other than the manager telling them both to leave, there was no testimony that either man said or did anything. When questioned by defense counsel, the boy indicated that he had been to the garage only on the day of the alleged assault. Un-

der questioning by the court, the boy testified that he had been to the garage "about twice" on previous occasions. Upon further questioning by defense counsel, the boy testified that he had told the appellant where the garage was and had taken the appellant there. The appellant's counsel closed his cross examination by asking, "nothing happened in the garage at all, did it?" To this question the boy answered, "No, sir". On redirect examination, the Assistant State's Attorney asked, "did it happen or did it not happen, what you told me before?" This time the boy replied in the affirmative.

The only question we deem it necessary to answer in this appeal, is whether the evidence was legally sufficient to support the conviction for assault and battery. As we stated in *Ponder v. State*, 227 Md. 570, 572, 177 A. 2d 839 (1962), the Maryland cases uniformly hold that:

> "* * * the test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this Court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged."

See also *Tasco v. State*, 223 Md. 503, 510, 165 A. 2d 456 (1960), and the oft-cited case of *Edwards v. State*, 198 Md. 132, 157-158, 81 A. 2d 631 (1951).

Our review of the record in this case constrains us to hold that there was a lack of credible evidence either to show directly, or to support a reasonable inference of, guilt on the part of the appellant beyond a reasonable doubt, and that therefore the lower court was clearly in error in finding the evidence sufficient to convict. Maryland Rule 886. Our conclusion flows from the fact that the testimony of the prosecuting witness, who was the only person that testified as to any overt act on the part of the appellant, was so contradictory that it lacked probative force and was thus insufficient to support a finding beyond a reasonable doubt of the facts required to be proven. On direct examination the boy twice testified that nothing happened in the public lavatory after the appellant gave him two drinks. On cross examination, he testified that nothing hap-

pened in the garage. Thus there were unqualified statements by the prosecuting witness that the crime for which the appellant was convicted never in fact occurred.

There were other inconsistencies in the boy's testimony which were of a serious, though by themselves not necessarily controlling, nature. At one time he said he had never been to the garage before and that the appellant had taken him there. But at other places in his testimony he stated that he had been to the garage on prior occasions and that it was he who had taken the appellant there. We realize that the boy's mental deficiency made prosecution difficult in this case, but we cannot permit the conviction to rest upon such completely contradictory testimony. As this Court has had occasion to say in civil cases, "* * * if any witness's testimony is itself so contradictory that it has no probative force, a jury cannot be invited to speculate about it or to select one or another contradictory statement as the basis of a verdict." *Kaufman v. Baltimore Transit Co.*, 197 Md. 141, 145, 78 A. 2d 464 (1951). See also *Balto. Tr. Co. v. Presberry*, 233 Md. 303, 307, 196 A. 2d 717 (1964). The same rule is applicable, of course, when the trial judge is the trier of fact. In *Slacum v. Jolley*, 153 Md. 343, 351, 138 Atl. 244 (1927), it was said, "When a witness says in one breath that a thing is so, and in the next breath that it is not so, his testimony is too inconclusive, contradictory, and uncertain, to be the basis of a legal conclusion." See also *Eisenhower v. Balto. Transit Co.*, 190 Md. 528, 537, 59 A. 2d 313 (1948). While the present appeal involves a criminal case, the reasoning is apposite to testimony here presented.

If there had been other witnesses whose testimony sufficiently established the corpus delicti, the contradictions in the prosecuting witness' testimony would not necessarily be cause for reversal. However, the other witnesses who testified were unable to offer any testimony concerning any actual assault. For some unexplained reason, the manager of the public lavatory and the other man present, both of whom, according to the prosecuting witness, observed the alleged assault in the lavatory, were not called as witnesses.

*Judgment reversed; case remanded for a new trial.*