# TUCKER *v.* STATE

[No. 146, September Term, 1964.]

*Decided February 4, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Solomon Liss,* with whom were *Lee N. Sachs* and *Fred London* on the brief, for appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Julius A. Romano, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

Judge Grady, sitting without a jury, in the Criminal Court of Baltimore, found the appellant guilty on three counts of a six count indictment. The three counts were: storehouse breaking over one hundred dollars; storehouse breaking and stealing five dollars or more, and common-law larceny. The appellant has appealed the judgments entered on those counts. There were two State's witnesses, the co-defendant, Spencer, who had entered a plea of guilty, and Gloria Henry. In Spencer's original testimony, he was vague and non-committal on the question of the appellant's complicity in the crimes, and named Charles Eugene Jackson as his accomplice. Spencer stated that fifths, pints and miniatures of whiskey, stolen on the night of the theft, were taken to the home of Gloria Henry. Thereafter, Gloria Henry testified that the appellant accompanied Spencer when

the whiskey was brought to her home. After her testimony, Spencer, through his counsel, was recalled to the stand at his own request, and testified without equivocation that the appellant was his accomplice. Spencer stated that his decision to name the appellant was largely due to the testimony of Gloria Henry which had established the true facts.

Appellant's first contention on this appeal is that the testimony of Spencer was so contradictory as not to be worthy of belief, and therefore, the trial judge could not properly rely upon such testimony in reaching his finding of guilty. The appellant relies principally upon *Kucharczyk v. State*, 235 Md. 334, 201 A. 2d 683 (1964) and the cases cited therein. In *Kucharczyk* there was only one witness produced by the State whose testimony, if believed, would have established the corpus delicti. That witness was the victim, a mentally deficient boy of 16, who denied that the defendant had committed unnatural and perverted sex acts upon him and then asserted that the defendant had in fact committed these acts. The victim's testimony was contradictory in other respects relating to the details of the crime.

We are convinced that the testimony of Spencer was not so contradictory within the meaning of *Kucharczyk* that it had no probative force. At no time did Spencer contradict himself on the details of the crime as was the case in *Kucharczyk*. In fact, Spencer's testimony, that the fruits of the crime were taken to the home of Gloria Henry, was corroborated by Gloria Henry when she was called to the stand. It was Gloria Henry's corroboration of those details and her further testimony that at that time the appellant accompanied Spencer, which led to Spencer's subsequent testimony that appellant was his accomplice.

In *Kucharczyk* we said: "If there had been other witnesses whose testimony sufficiently established the corpus delicti, the contradictions in the prosecuting witness' testimony would not necessarily be cause for reversal." 235 Md. at 338. We think that principle is applicable here in respect of Gloria Henry's testimony.

A copy of a petition for writ of habeas corpus by Spencer,

filed August 10, 1964, in the Criminal Court of Baltimore, was presented to this Court through appellant's counsel during oral argument. This petition is not a part of the record in this case and is not properly before this Court. Maryland Rule 826 c. In any event, the record does not show any action of the lower court on this petition. Had it been denied, this Court would have no jurisdiction to hear an appeal. Code (1964 Supp.) Article 27, Section 645A(b). *Krs v. Director,* 230 Md. 646, 187 A. 2d 871 (1963); *Cumberland v. Warden,* 225 Md. 636, 171 A. 2d 709 (1961); *Brady v. State,* 222 Md. 442, 446-447, 160 A. 2d 912 (1960). Even had the contents of Spencer's petition been properly included in the record before us, both the appellant and Spencer were represented by counsel at the trial below, and the confession which Spencer alleges in his petition was involuntary, was admitted without objection. An objection can not be made for the first time upon appeal. Rule 885. See also *Capparella v. State,* 235 Md. 204, 207, 201 A. 2d 362 (1964).

Appellant's third contention is that Gloria Henry's testimony showed that she had some guilty knowledge of the crime and therefore would have been indictable as a co-defendant for receiving stolen goods, in which case her testimony should not have formed the basis of appellant's conviction in this case. The appellant has not pointed to any part of Gloria Henry's testimony which would have required the trial court to find that she was an accomplice to the crimes of which the appellant was found guilty. The appellant was acquitted of the count charging the receipt of stolen goods. While a defendant may not be convicted solely upon the uncorroborated testimony of an accomplice, *Gregoire v. State,* 211 Md. 514, 521, 128 A. 2d 243 (1957), even had Gloria Henry been an accomplice, there was ample other evidence, physical in nature, to corroborate her testimony.

The appellant was convicted of breaking and stealing under one count and common law larceny under another. Both counts depended upon the same alleged acts and, as we have held, a conviction on both is improper. *Fabian v. State,* 235 Md. 306, 313-14, 201 A. 2d 511 (1964); *Young v. State,* 220 Md. 95, 151 A. 2d 140 (1959). Since appellant was given a general sen-

tence of four years which is less than the maximum under any of the three counts upon which he was found guilty, (a permissible, although not the better procedure, *Vandegrift v. State,* 226 Md. 38, 42, 171 A. 2d 713 (1961)) the judgment as to the larceny count will be reversed. *Fabian v. State, supra; Young v. State, supra.*

> *Judgment under the fifth count of Indictment No. 332 reversed; judgments under the first and third counts affirmed.*