## GATEWOOD *v.* STATE

[No. 519, September Term, 1965.]

610

612

*Decided December 9, 1966.*

The cause was argued before HORNEY, MARBURY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*Milton B. Allen* for appellant.

*Morton A. Sacks, Assistant Attorney General,* with whom were *Robert C. Murphy, Attorney General,* and *Marvin H. Anderson, State's Attorney for Anne Arundel County,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

The appellant, found guilty and sentenced to four years under three counts of an information under the lottery laws, con-

tends that his conviction was based on evidence seized under an invalid search warrant; that he was improperly tried and sentenced as a multiple offender under the statute; that the court's rulings on some evidentiary matters constituted prejudicial errors; and that the evidence was insufficient to sustain the convictions under several of the counts. The trial took place in the Circuit Court for Anne Arundel County before Judge Evans, sitting without a jury. The information contained 13 counts; Judge Evans found the appellant guilty under the third (keeping a certain place, a motor vehicle, to sell lottery tickets), the fifth (possession of a book of lottery tickets) and the sixth (possession of lottery tickets and other lottery paraphernalia); and not guilty under the other counts. The "addendum to information" alleged that the appellant had been convicted in two prior trials of violations of the lottery laws, and the prior convictions were not disputed.

I

The physical evidence offered by the State consisted of lottery paraphernalia found in the trunk of the appellant's automobile, which was obtained under a search warrant issued by Judge Evans several months before the trial. The items offered included over 1000 lottery slips, over 16,000 lottery bets and a total of over $3400 in lottery play. Counsel for the appellant, prior to the introduction of the evidence, moved to quash the search warrant and suppress the evidence seized under it, objected to the introduction of the evidence, and in all other respects diligently maintained his position that the warrant had been issued without probable cause. His motion was denied and his objections overruled.

The warrant was issued on the sworn application of two members of the Police Department of Anne Arundel County, assigned to the Intelligence Unit of that Department, who had been investigating alleged violations of the gaming and lottery laws for several years. One of the officers had been a member of the Department for approximately 7½ years, the other for 8 years.

The application sets forth that one of the officers and Captain Kinsey of the Department had "received information from a confidential source, who is considered reliable" that a man

driving a 1955 green Plymouth automobile was periodically picking up lottery slips in Anne Arundel County. The unnamed informant gave the Maryland registration tags of the described car; these tags were found to have been issued to the appellant, Gatewood. The application states that the appellant, according to the records of the Federal Bureau of Investigation, had been previously convicted several times of violations of the lottery laws, and once for income tax evasion.

After reciting the information received from the unnamed informant, the application sets forth in detail the results of a close observation of the identified Plymouth automobile, driven by the appellant; much of this data was obtained through the use of binoculars. We refer only to those observed episodes which we consider most significant in determining whether there was probable cause for the issuance of the warrant.

On July 21, 1965, a Buick car parked behind Gatewood's Plymouth, and Gatewood gave the Buick driver a "dark colored bag"; the two cars then drove off in different directions. On August 12, Gatewood parked his car at the rear of a tavern; a minute afterward, another car operated by an unknown heavy man "wearing a black mustache" parked at the rear of the Plymouth and gave Gatewood a large brown shopping bag; Gatewood unlocked the trunk of his Plymouth, placed the bag he had received on the floor of the trunk near several similar bags already there, and relocked the trunk. A little later, a 1952 Ford, with four occupants, drove up and parked at the rear of the Plymouth, and an unknown man from the other car gave Gatewood a medium-sized brown paper bag; again Gatewood unlocked the trunk of his Plymouth, the man placed the bag in it, and the appellant locked the trunk. Gatewood then left. The next day, August 13, Gatewood drove his Plymouth to the same tavern and received a large brown bag from the heavy mustached man, which Gatewood locked in his trunk. A few minutes later, what appeared to be the same Ford observed the day before, with apparently the same four occupants, drove up to the Plymouth, and Gatewood received from one of the men a medium-sized brown paper bag which Gatewood again locked in the trunk of the Plymouth.

The application concludes by stating that as a result of their

experience and training the officers have probable cause to believe and do believe from all the observations and knowledge recited that the Plymouth driven by the appellant is being kept for the purpose of selling lottery tickets and other lottery paraphernalia and that Gatewood is in unlawful possession of such articles.

We shall not repeat the clear restatement of the law as to what is probable cause for the issuance of a search warrant given by Judge Hammond (now Chief Judge), for the Court, in *Henderson v. State*, 243 Md. 342, 221 A. 2d 76 (1966). We agree with the appellant that the general statement received from an unnamed informant, who is only alleged to be "considered reliable" without any reason given as to the basis for that conclusion, would not be probable cause for the issuance of the warrant. See *Shrout v. State*, 238 Md. 170, 175-76, 208 A. 2d 585 (1965) and cases therein cited. That information, of course, could properly cause the officers to make the observations which they did, even though it did not of itself constitute probable cause. If the report of the informant be entirely eliminated as affording any basis for the issuance of the warrant, we think that the reported results of the officers' observations were sufficient for the judge to find that there was probable cause to believe that violations of the laws against lotteries were being committed, and that the evidence seized as a result thereof was properly admitted.

The significant elements are the observed, repeated transfer of paper bags of various sizes from other men to the appellant, and the locking of these bags in the trunk of the appellant's car; the observation, on one occasion, of similar bags in the trunk; the obvious pre-arrangement as to the times and place of the delivery of the bags; Gatewood's immediate departure after receipt of the bags; the fact that the transfers were made, on different occasions, by the same heavy, mustached man or the same person from the same car with the same four occupants; Gatewood's known prior lottery convictions; and the expertise of the officers who made the application.

We have referred to the incidence of brown paper bags as standard equipment in lottery violations. *Chernock v. State*, 203 Md. 147, 154, 99 A. 2d 748 (1953) ; *Fleming v. State*, 201 Md.

145, 92 A. 2d 747 (1952) ; *Bland v. State,* 197 Md. 546, 551, 80 A. 2d 43 (1951). See also the opinion of Soper, J., in *United States v. Whiting,* 311 F. 2d 191 (4th Cir. 1962), *cert. denied,* 372 U. S. 935. The appellant argues that the paper bags referred to in the application were of various sizes; that only some of them were brown; that their contents were not seen; and that their use for shopping or some other innocent purpose is entirely compatible with the officers' observations. However, it is not primarily the size or color of the bags, but the number of them given to Gatewood, the way in which they were delivered, and their quick deposit in the locked trunk of the appellant's automobile which together are significant. Knowledge of prior convictions of the person observed is one of the elements to be considered in determining whether there is probable cause. See *Shrout, supra,* at 238 Md. 174. As Chief Judge Brune, for the Court, said in *Dean v. State,* 205 Md. 274, 283-84, 107 A. 2d 88 (1954) : "The judge passing upon the application may give consideration to the experience and special knowledge of the police officers who may apply for the warrant."

Even were the case a marginal one, its resolution is to be considered in the light of the preference to be accorded warrants. Where, as in this case, there is a recital in the application of detailed observations and underlying circumstances, the application is to be interpreted, not hypertechnically, but in a commonsense manner. *Henderson, supra; United States v. Ventresca,* 380 U. S. 102 (1965). So interpreted, we find the application showed probable cause.

## II

The appellant had previously been convicted at least twice in Maryland courts for violations of the lottery laws before his conviction in the present case. Under Code (1957), Article 27, Section 358, the maximum imprisonment which can be imposed for a first conviction under the lottery laws is a year. Section 366 reads as follows : "If any person shall be a second time convicted of any of the offenses mentioned in any of the sections of this article relating to lotteries, he shall on conviction be confined in the penitentiary not less than two nor more than five years * * *" The appellant was sentenced by Judge Evans,

generally, to a term of four years. He had previously been sentenced as a second offender under the statute and contends that, under the express words of the section, he cannot be sentenced as a second offender, because the conviction was not his second but his third.

A criminal statute must be strictly construed in favor of the defendant. *Grimm v. State,* 212 Md. 243, 246, 129 A. 2d 128 (1957); *Fowel v. State,* 206 Md. 101, 107, 110 A. 2d 524 (1955) and cases therein cited. Where the statutory language is plain and free from ambiguity and expresses a definite and sensible meaning, the courts are not at liberty to insert or delete words with a view toward making the statute express an intention which is different from its plain meaning. *Fowel, supra,* 206 Md. at 105; *Pineland Lumber Co. v. Miles,* 228 Md. 584, 587-88, 180 A. 2d 870 (1962) and cases therein cited. But in giving a statute a sensible, reasonable construction, if the words be susceptible of two interpretations, the construction should be in harmony with the manifest intent of the act and should not lead to an absurdity. *Kolb v. Burkhardt,* 148 Md. 539, 543-44, 129 Atl. 670 (1925); *Mitchell v. State,* 115 Md. 360, 364-65, 80 Atl. 1020 (1911).

The appellant's contention is that the phrase "convicted a second time" can mean only that a lottery violator may, after a first conviction, be sentenced for a term up to five years for the next violation, but thereafter, on subsequent convictions, whether they be for a third offense or a tenth, can be sentenced only for the maximum of one year as provided for a first conviction. That construction of the statute is neither sensible nor reasonable and manifestly leads to an absurdity, but, if that is its plain meaning and if the words are not fairly susceptible of another interpretation, we are not at liberty to depart from them. We think, however, that the section is fairly susceptible of another and more reasonable interpretation.

The word "second" has several meanings. One meaning is "coming next after the first in order of place or time," and that is the meaning which the appellant contends must be given the word as used in the section. Another meaning, however, is "another, additional to that which has already taken place," *Oxford New Eng. Dict.;* "of the same kind as another; another,"

Webster, *New Internat'l Dict., 2d ed.;* "another; other," Funk & Wagnalls, *New Standard Dict.;* "other or another," *New Century Dict.* The word "time" as used in the section is to be construed in the light of Code (1957), Article I, Section 8, which provides as one of the rules of interpretation of the Code that "the singular always includes the plural, and vice versa, except where such construction would be unreasonable." Under that provision, the word "time" may properly be taken as meaning "time or times." *Secretary of State v. Bryson,* 244 Md. 418, 224 A. 2d 277 (1966).

The section, therefore, in our opinion, is fairly susceptible of the meaning that the maximum five year sentence may be given if any person shall be convicted another time or times of any lottery offense. That construction, we believe, effectuates the legislative intent, the ascertainment of which is the object of judicial interpretation. *State Dept. of Assessments v. Ellicott-Brandt, Inc.,* 237 Md. 328, 335, 206 A. 2d 131 (1965).

The appellant argues that the legislative meaning in the enactment of the section is to be taken as in accord with his contention because Section 300 of Article 27, with respect to narcotics, deals separately with the penalty for a second offense and the penalty for a third or subsequent offense, and that because the lottery section makes no express provision for third or subsequent convictions, it must be taken as restricted only to the penalty for a conviction next after the first. The short answer to the argument is that Section 300 provides greater penalties for a third or subsequent offense than for the second; Section 366 contains no such gradation, and a distinction between convictions after the first was therefore unnecessary. We find Judge Evans was correct in ruling that Gatewood's conviction came within the orbit of Section 366.

III

The appellant contends that the trial judge erred in refusing to allow him to inquire into the extent to which the State's Attorney of Anne Arundel County participated in the drafting of the application for the search warrant. We find the argument to be without merit. Even though the State's Attorney assisted the officers who made the application in putting the results of their observations into final form, it was the officers who made

the observations and made oath as to their correctness. The services of an attorney in putting a document executed by a layman into coherent form do not affect the standing of the document as the legal act of the person who executed it, or make the statements it contains less the statements of the one who signs.

The appellant also contends that Judge Evans erred in permitting Captain Kinsey to testify, over objection, that the Plymouth automobile referred to in the search warrant was registered in Gatewood's name in the records of the Department of Motor Vehicles, when no records of the Department were offered to evidence Gatewood's ownership. Captain Kinsey's testimony in this matter was under the fourth count of the indictment, which charged the appellant with permitting a motor vehicle which he owned to be used as a place for selling lottery tickets. Gatewood was found not guilty under this count, so that, if there was error in the admission of the testimony, it was immaterial.

## IV

The appellant's final contention is that the evidence was insufficient to sustain the convictions under the third and fifth counts of the information. The third count charged Gatewood with keeping a motor vehicle for the purpose of selling lottery tickets. The appellant argues that Captain Kinsey's interpretation of the evidence, as an expert, was that Gatewood was a "satchel man" whose duty it was to pick up lottery tickets from the runners, and that there was no evidence that his automobile was used for the sale of tickets. However, this Court has held that the tickets themselves are evidence of prior sales and that the trier of the facts may draw a permissible inference that an automobile in which the tickets were found was used for the purpose of consummating such sales. *Moore v. State,* 199 Md. 676, 680-81, 87 A. 2d 577 (1952) and cases therein cited. We find there was sufficient evidence to sustain the conviction under the third count.

The fifth count charges unlawful possession of a book of lottery tickets, the sixth, the unlawful possession of tickets and other lottery paraphernalia. In the oral argument, the State conceded that, on the evidence, the two counts were duplici-

tous and that separate sentences under each would have been improper. We think that, on the evidence, there should have been a conviction under only one of these counts. The appellant in his brief attacks only the conviction under the fifth, and we agree that the judgment of guilty as to this count should be reversed. *Tucker v. State,* 237 Md. 422, 425-26, 206 A. 2d 691 (1965) and cases therein cited.

The sentence was a general one, covering the convictions under the third, fifth and sixth counts and the addendum. A general sentence covering more than one count is not improper, if the sentence does not exceed in the aggregate the sentences which might have been imposed cumulatively under the several counts. *Tucker, supra,* and *Vandegrift v. State,* 226 Md. 38, 42, 171 A. 2d 713 (1961). In the case before us, the sentence of four years did not exceed the maximum authorized by Section 366. Our reversal of the judgment of conviction under the fifth count does not invalidate the general sentence imposed. *Bryant v. State,* 229 Md. 531, 537, 185 A. 2d 190 (1962).

> *Judgment affirmed as to third and sixth counts and reversed as to fifth count; case remanded for entry of judgment of not guilty as to fifth count; two-thirds of the costs to be paid by the appellant, the other third by the State.*